■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CASPER DE JESUS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMELO CARABALLO, Appellant.— Appeal by defendants (1) from judgments of the County Court, Dutchess County, rendered October 21, 1958, convicting them, after a jury trial, of robbery in the first degree (1st, 2nd and 3d counts), grand larceny in the first degree (4th count), and assault in the second degree (5th count); and sentencing them to serve not less than 10 or more than 30 years on the first robbery count. No sentence was imposed on the remaining counts. Judgments reversed on the law and a new trial ordered. The findings of fact are affirmed. The only witness who testified to the actual commission of the crime was the complainant. Defendants and their witnesses testified that they had returned to the farm where they were employed at about 2:00 A.M. on July 5, 1958. The complainant testified that the defendants committed the

robbery and assault upon him at about 3:15 A.M. in the City of Poughkeepsie. Police Officer Doerr then testified that, on a line-up some hours after the crime was committed, the complainant had identified the defendants. Such hearsay proof by the police officer for the purpose of corroborating the complainant's identification of the defendants, constitutes reversible error (Code Crim. Pro., § 393-b; *People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Infantino*, 224 App. Div. 193, 197, 198; *People* v. *Siegel*, 4 A D 2d 680; *People* v. *Oliver*, 4 A D 2d 28; *People* v. *Sarra*, 283 App. Div. 876). In a close case such as this, where prejudicial error is committed, reversal is required in the interests of justice even though no exception was taken by defendants' counsel (*People* v. *Bradley*, 8 A D 2d 982; *People* v. *Curatolo*, 7 A D 2d 996; *People* v. *Savage*, 5 A D 2d 846; *People* v. *Siegel, supra*; *People* v. *Taylor*, 2 A D 2d 977; *People* v. *Mahoney*, 280 App. Div. 816). We have reviewed the other questions urged by defendants, and we would affirm this conviction were it not for the prejudicial error committed in admitting the testimony of Officer Doerr as set forth above. Defendants also appeal from each intermediate order. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgments of conviction. Nolan, P. J., Beldock, Ughetta and Brennan, JJ., concur; Christ, J., concurs in result.