■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FREEMAN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 5, 1973, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and sentencing him to a concurrent prison term of not more than four years on each count. Judgment modified, on the law, by reducing the conviction of grand larceny in the third degree to one of petit larceny. As so modified, judgment affirmed. The People proved beyond a reasonable doubt, as found by the jury, that defendant had burgled the home of Mrs. Blackman on State Street, New Cassel, Long Island, and stolen therefrom a color television set. Testimonial proof was adduced by the People that the set was purchased about 4½ years prior to the burglary for $750. Further, because of damage to the set between the times it was stolen and returned to her, Mrs. Blackman paid $356 for its repair. The evidence adduced in support of the grand larceny count of the indictment was insufficient to establish the market value of the television set at the time of the theft in November, 1972 (*People* v. *Irrizari*, 5 N Y 2d 142, 146; *People* v. *Liquori*, 24 A D 2d 456). However, the evidence established petit larceny. There is no need to remand for resentence since defendant has already served the maximum time for which he could be sentenced on the petit larceny conviction. Gulotta, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH LaROCCA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RICHARD TANNENHOLZ, Respondent.— Appeal by the People from two orders of the Supreme Court, Queens County, both dated January 17, 1973 (one as to each defendant), granting defendants' motions to controvert an eavesdropping order of the Supreme Court, Cortland County, dated August 28, 1971, and to suppress evidence obtained thereunder. Orders reversed, on the law and motions denied. In our opinion, defendants lack standing as aggrieved parties to contest the legal sufficiency of the Cortland County order and the application of the People in consequence of which it issued (*Alderman* v. *United States*, 394 U. S. 165; *People* v. *D'Amico*, 37 A D 2d 730). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.