THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS TAYLOR, Appellant.— Appeal by defendant, as limited by his brief, from a resentence of the County Court, Rockland County, imposed February 13, 1974. Resentence affirmed. No opinion. The notice of appeal is hereby amended to show that the appeal is from the resentence imposed on February 13, 1974. Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON TUBWELL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered June 28, 1973, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and which imposed sentence upon him of concurrent indeterminate terms of up to a maximum of five years (burglary) and four years (larceny). Judgment affirmed. While the instruction of the trial court to the jury on the question of recent and exclusive possession of the fruits of a crime, which concluded with the words "then you may draw the inference or conclusion that the defendant is a criminal in regard to such property", was correct as far as it went, it did not go far enough, for as Chief Judge Cardozo stated in *People* v. *Galbo* (218 N. Y. 283, 290) : " Only half of the problem * * * has been solved when guilty possession fixes the identity of the offender. There remains the question of the nature of his offense. Here again the facts must shape the inference. Is the guilty possessor the thief, or is he a receiver of stolen goods?" In this case, however, the incomplete nature of the instruction may be held not to be prejudicial, in view of the overwhelming proof of defendant's guilt and his confession of the burglary and larceny of which he was found guilty. Defendant's remaining contention, that expert testimony was necessary to establish the value of the articles stolen, is completely without merit, since part of the property consisted of $369 in currency. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.