■ THE PEOPLE OF THE STATE OF NEW YORK, v ANGIE VASQUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings

County, rendered September 3, 1974, convicting her of felony murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The evidence connecting defendant with this crime was completely circumstantial. There were no eyewitnesses to the actual slaying, and the testimony implicating defendant was supplied by a woman who had a prior history of mental illness, had been a drug user for nine years, had admitted having a "fix" of heroin and some pills on the night in question and who was still "high" when she gave her statement to the police at the station house. She did not see defendant run out of the building where the slaying occurred, but testified that she saw defendant and a man, whom she identified, running across the street and heard the man say to defendant, "Come on, let's go, I think he's hurt." She did not hear defendant say anything. Where, as here, "the prosecution relies wholly upon circumstantial evidence to establish the guilt of the accused, the circumstances must be satisfactorily established and must be of such a character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt" (Richardson, Evidence [10th ed.], § 148, p 119). Since CPL 300.10 (subd 2) mandates that the court "state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts," the court's charge to the jury should have included instructions on the degree and quality of proof required in a case based wholly on circumstantial evidence. Because of the closeness of this case we conclude that the failure to charge the circumstantial evidence rule was prejudicial error requiring reversal and a new trial, in the interests of justice, despite the absence of an exception to the charge (see *People v De Jesus,* 11 AD2d 711; see, also, *People v Benjamin,* 47 AD2d 861). Rabin, Acting P.J., Hopkins, Christ, Brennan and Munder, JJ., concur.