■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 10, 1975, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of grand larceny in the third degree to one of petit larceny. As so modified, judgment affirmed. The People proved beyond a reasonable doubt, as found by the jury, that defendant had burglarized a grocery store operated by Mrs. Thorton at 365 Saratoga Avenue, Brooklyn, New York, and had stolen therefrom certain items, including a black and white television set and an adding machine. Mrs. Thorton testified that the television set cost $125 when originally purchased, and that the adding machine had been purchased for $60 or $70 a year prior to the theft. The other items taken, cigarettes, food stamps and cash, had a total value of $167. There was no evidence submitted with regard to the market value of the television set and the adding machine at the time of the theft. Under these circumstances, there was insufficient proof submitted by the People to establish that the defendant had stolen property having an aggregate value in excess of $250, a necessary prerequisite for conviction of grand larceny in the third degree (Penal Law, § 155.30), and such conviction may not stand (see *People v Freeman*, 44 AD2d 843). The evidence presented did establish the crime of petit larceny. Furthermore, in charging the jury, the trial court neglected to offer any instruction with regard to the proper method of evaluating the stolen property for the purpose of determining the degree of the crime committed (see Penal Law, § 155.20, subd 1; *People v Freeman, supra)*, and it failed to equate the charge actually given with the evidence presented, as it was required to do (CPL 300.10, subd 2). There is no need to remand for resentence since defendant has already served the maximum time to which he could be sentenced on the petit larceny conviction (see Penal Law, §§ 155.25, 70.15). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THYNDLE BROOKS, Appellant.—Appeal by defendant from (1) a judgment of the County Court, Westchester County, rendered November 19, 1975, convicting him of robbery in the first degree, grand larceny in the second degree and menacing (four counts), upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated June 10, 1976, which denied his motion to vacate the judgment of conviction. Permission to appeal from the order dated June 10, 1976 is hereby granted by Mr. Justice Martuscello. Judgment modified, on the law, by deleting therefrom the convictions of grand larceny in the second degree and menacing (four counts), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Order affirmed. Inasmuch as the defendant was convicted of robbery in the first degree, the convictions of grand larceny in the second degree and menacing, under the facts herein, must be reversed and the said counts dismissed as inclusory concurrent counts. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.