STATE OF HAWAII, Plaintiff-Appellee *v.* ISAAC CORNEY
BUSH, Defendant-Appellant, RUDY KEKUHINAONA-
LANI ARTUYO and ROBERT OWAKALANA LII,
Defendants

NO. 5812

SEPTEMBER 13, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Defendant-appellant, Isaac Corney Bush
(hereinafter appellant), was found guilty by a jury of the
offense of burglary in the first degree in violation of Section
810(1)(c) of the Hawaii Penal Code, as enacted by Act 9,
Session Laws of Hawaii 1972.[1] He was sentenced to serve a
term of 10 years in the Hawaii State Prison. He has appealed
from that judgment and sentence. We affirm both the judg-
ment and sentence.

In his opening brief, the appellant does not contest the
sufficiency of the evidence presented by the prosecution to
warrant a conviction. The appellant's sole argument is that
the trial court erred when it refused to give over appellant's

---

[1] The text of the new Title 37, Hawaii Penal Code, as enacted by Act 9, Session
Laws of Hawaii 1972, is now contained in Hawaii Revised Statutes, Special Pam-
phlet. In this Special Pamphlet, Section 810(1)(c) has been designated as § 708-810
(1)(c).

objection Hawaii Standard Jury Instruction Criminal (here-inafter HAWJIC) No. 3.9,[2] which would have told the jury about the interpretation and application of evidence suscep-tible to two reasonable interpretations. We have carefully reviewed the record in the instant case, and we reject the appellant's contention that the trial court erred in refusing to give HAWJIC No. 3.9.

The appellant argues that because the conviction was based solely on circumstantial evidence, as a matter of law, he was entitled to instructions on the degree and quality of proof necessary to convict. *People v. Vasquez*, 47 A.D.2d 934, 367 N.Y.S.2d 78 (1975); *People v. Garcia*, 169 Cal. App. 2nd 368, 337 P.2d 100 (1959). We agree with the appellant to the extent that because the evidence in the instant case was circumstantial, instructions on circumstantial evidence were necessary. A review of the trial record reveals that the lower court gave adequate instructions distinguishing and expound-ing the uses of circumstantial and direct evidence to the jury.[3]

---

[2] HAWJIC No. 3.9 is entitled: "Evidence Susceptible of Different Construc-tions" and reads:

If the evidence in this case is susceptible of two constructions or interpreta-tions, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's inno-cence, and reject that which points to his guilt.

You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

[3] The trial court charged, in part, as follows:

Direct evidence means evidence that directly proves a fact without any inference or deduction having to be made in order to prove that fact.

Circumstantial evidence consists of proof of certain facts or circumstances from which a reasonable inference or deduction can be made that another fact is true.

It is not necessary that facts be proved by direct evidence. They may be proved also by circumstantial evidence, or by a combination of both direct evidence and circumstantial evidence. Both direct evidence and circumstantial evidence are acceptable as means of proof. Neither is entitled to any greater weight than the other.

However, we find no error in the trial court's refusal to give the specific instruction the appellant requested. "This court has uniformly held that where a proposition of law is requested to be given in an instruction, the instruction may properly be refused where the same proposition is adequately covered in another instruction that is given." *State v. Stuart*, 51 Haw. 656, 660-61, 466 P.2d 444, 447 (1970).

In the instant case, the trial court gave the jury instructions on the state's burden to prove the defendant guilty beyond a reasonable doubt.[4] The part thereof relevant to the instant case reads, ". . . it places upon the prosecution the burden of proving a defendant guilty beyond a reasonable doubt of *every material element* of the crime charged." (Emphasis added.) This passage includes within its ambit the tenor of HAWJIC No. 3.9. If the jurors were to find the defendant guilty beyond a reasonable doubt as to every material element, of necessity they would have had to resolve

---

[4] The court instructed the jury on the presumption of innocence and proof of guilt beyond a reasonable doubt:

A defendant in a criminal case is presumed to be innocent throughout the trial of a case, unless and until the contrary is proven beyond a reasonable doubt; and in case you have a reasonable doubt as to whether his guilt has been proven, he is entitled to an acquittal.

This presumption of innocence is not a mere slogan but an essential part of the law; and it places upon the prosecution the burden of proving a defendant guilty beyond a reasonable doubt of every material element of the crime charged.

A jury must not convict a person upon suspicion, nor upon evidence which only shows that the defendant is probably guilty or more likely than not to be guilty. What the law requires is proof of his guilt beyond a reasonable doubt.

Reasonable doubt is defined as follows: Reasonable doubt is a doubt founded upon reason and common sense, and arising from the state of the evidence. It may arise not only from the evidence produced, but also from a lack of evidence. A reasonable doubt is not a mere possible doubt, because nearly everything relating to human affairs is open to some possible or imaginary doubt; and the law does not require that degree of proof which excludes all possibility of error and produces absolute certainty, for such degree of proof is rarely possible.

The real question is whether, after hearing the evidence and from the evidence, you have or have not an abiding belief, amounting to a moral certainty, that a defendant is guilty because all of the material elements of the crime charged have been proved. If you have such a belief, the State has discharged its burden of proof and it is your duty to convict; and if you do not have such a belief, it is your duty to acquit.

evidence susceptible to two constructions unfavorable to defendant. There is before us neither evidence nor a contention that the jury did otherwise than as instructed. We conclude that the instruction requested by the appellant which was refused stated the same proposition of law as that contained in the trial court's instructions.

Appellant infers that the instructions given by the trial court left the jury in confusion as to the proper application of abstract principles such as "circumstantial evidence" and "reasonable doubt," which constituted reversible error. This is especially so because the doctrine of reasonable doubt is much broader to the legally trained mind than would be easily understood by the inexperienced juror. *State v. Davis*, 69 Ida. 270. 206 P.2d 271 (1949); *People v. Hatchett*, 63 Cal. App. 2d 144, 146 P.2d 469 (1944). We hold that the prevailing theory in Hawaii was announced in *State v. Stuart, supra,* wherein we concluded as controlling *Territory v. Honda*, 31 Haw. 913 (1931). In both these cases we approved the trial courts' instructions to the jury on the standards of reasonable doubt. In both cases we approved the trial courts' refusals to give additional instructions because the principles expressed therein were contained in those used by these courts. In *Stuart,* the refused instruction was the same verbatim as the refused instruction in the instant case. We hold that the correct statement of law regarding circumstantial evidence is contained in *Holland v. United States*, 348 U.S. 121, 140 (1954):

> Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

The Supreme Court of Arizona in *State v. Harvill*, 106 Ariz. 386, 476 P.2d 841 (1970), overruled its previous cases

which required the giving of instructions on reasonable hypotheses from circumstantial evidence. Prior to *Harvill,* the Arizona court stated:

> The jury was instructed that the law makes no distinction between circumstantial and direct evidence as to the degree of proof required for a conviction. The instruction is contrary to the law of this state. We are committed to the Rule that to warrant a conviction it is necessary that the circumstantial evidence offered should not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. *State v. Reynolds,* 104 Ariz. 149, 150, 449 P.2d 614, 615 (1969).

In overruling *Reynolds* and all cases stating the previous rule on circumstantial evidence, the Court in *Harvill* held that instructions to the jury on the "reasonable hypothesis" theory of circumstantial evidence would be unnecessary where the jury is properly instructed as to reasonable doubt. The *Harvill* Court concluded that "[a] proper instruction on 'reasonable doubt' as applied to all kinds of evidence gives the jury an appropriate standard upon which to make a determination of guilt or innocence; to instruct further is to invite the confusion of semantics." 106 Ariz. at 391, 476 P.2d at 846.

In *United States v. Becker,* 62 F.2d 1007 (2d Cir. 1933), the appellant therein assigned error to the trial court's refusal of an instruction stating that evidence was sufficient only if it foreclosed the hypothesis of innocence. The trial court therein gave instructions requiring a conviction only upon a finding of guilt "beyond fair doubt." 62 F.2d at 1010. Speaking for the Court, Justice Learned Hand therein stated:

> The requirement seems to us a refinement which only serves to confuse laymen into supposing that they should use circumstantial evidence otherwise than testimonial. All conclusions have implicit major premises drawn from common knowledge; the truth of testimony depends as much upon these, as do inferences from events. A jury tests a witness's credibility by using their experience in the past as to similar utterances of persons in a like position. That is precisely the same mental process as

when they infer from an object what has been its past history, or from an event what must have preceded it. All that can be asked is that the importance of the result to the accused shall demand a corresponding certainty of his guilt; and this is commonly and adequately covered by telling them that the conclusion shall be free from fair doubt. To elaborate this into an inexorable ritual, or to articulate it from different situations, is more likely to impede, than to promote, their inquiry.

The instruction requested by the appellant merely re-stated in different terms the proposition of law upon which the jury was fully and adequately instructed. The trial court, therefore, properly refused to give the appellant's instruction on evidence susceptible of different constructions.

Affirmed.

*Clayton C. Ikei* for defendant-appellant.

*James Takayesu,* deputy prosecuting attorney (*Earle A. Partington,* deputy prosecuting attorney, on the brief), for plaintiff-appellee.