■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH RIDDICK, Appellant.—Appeal by defendant from (1) a judgment of the County Court, Nassau County, rendered November 28, 1977, convicting him of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence, and (2) five judgments of the same court all rendered December 5, 1977, convicting him of two counts of burglary in the third degree and three counts of attempted burglary in the third degree, upon his pleas of guilty, and imposing sentence. Judgment rendered November 28, 1977, modified, on the law, by reducing (1) the conviction of grand larceny in the third degree to one of petit larceny and reversing the sentence thereon and (2) the conviction of criminal possession of stolen property in the second degree to criminal possession of stolen property in the third degree and reversing the sentence thereon. As so modified, judgment affirmed. Judgments rendered December 5, 1977, affirmed. With respect to the judgment rendered November 28, 1977, the People concede that they failed to prove that the market value of the property involved in the theft was in excess of $250. Therefore, the evidence presented did not establish the crimes of grand larceny in the third degree or criminal possession of stolen property in the second degree. However, the evidence did establish petit larceny and criminal possession of stolen property in the third degree. There is no need to remand for resentence since defendant has already served the maximum time for which he could be sentenced on these two convictions (see *People v Freeman,* 44 AD2d 843; *People v Bell,* 55 AD2d 624). The defendant was seen at the scene of the crime in possession of stolen property several minutes after the offense took place. Under these circumstances, the only possible inference was that he was the burglar (cf. *People v Galbo,* 218 NY 283; *People v Batten,* 40 AD2d 549, affd 31 NY2d 737). Accordingly, any errors in the charge to the jury were harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230; *People v Tubwell,* 45 AD2d 749). Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERIBERTO RIVERA, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the Supreme Court, Kings County, entered June 15, 1978, as granted the defendant's motion to the extent of dismissing the first three counts of his indictment. Order reversed insofar as appealed from, on the law, and that branch of the defendant's motion which is to dismiss the indictment is denied and the dismissed counts of the indictment are reinstated. The evidence before the Grand Jury was "legally sufficient" within the meaning of the applicable statute (CPL 190.65) to establish that defendant aided and abetted Jose Ayala in selling cocaine. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER A. TAYLOR, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed January 5, 1979. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, O'Connor and Mangano, JJ., concur.