■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SHEALY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 23, 1978, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction to one of criminal trespass in the second degree. As so modified, judgment affirmed. On June 25, 1977, at approximately 4:50 A.M., the complainant awoke in her bedroom and saw a black male crouching at the foot of her bed. She tried to scream, but he gagged her mouth with a piece of cloth, jumped on top of her, his forearm across her breasts, and pinned her arms beneath her body. She struggled as he pulled the bedcovers off her unclothed body. He told her to be quiet and lie still and that she would not get hurt. He stayed on top of her for a few minutes before allowing her to take her arms out from under her body. As he removed the cloth which had been gagging her and began inserting another article into her mouth, she screamed. He immediately jumped off the bed and ran out. The complainant subsequently identified appellant as the man who had been in her room. An indictment was filed against appellant charging him, *inter alia,* with (1) burglary in the second degree (see Penal Law, § 140.25), in that he knowingly entered and re-mained unlawfully in a dwelling at night with intent to commit the crime of sexual abuse, and (2) sexual abuse in the first degree (see Penal Law, § 130.65). At trial, the sexual abuse charge was treated as having been merged with the burglary charge and was not submitted to the jury. Appellant was subsequently found guilty of burglary in the second degree. Appellant contends on appeal that the burglary conviction may not stand because the People failed to prove that he committed or intended to commit the crime of sexual abuse. We agree. A person is guilty of sexual abuse when he subjects another person to sexual contact without the latter's consent (see Penal Law, § 130.65). "Sexual contact" means "any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire" (Penal Law, § 130.00, subd 3). The evidence in the instant case shows that appellant's clothed body covered the complainant's unclothed body, that he placed his hand over the complainant's mouth and that his forearm was placed across the complainant's breasts. There is no evidence that appellant in any way fondled the complainant and no evidence that he intended to gratify any sexual desire. It is equally inferable from the evidence that appellant was merely attempting to keep the complainant from yelling for help. While the evidence adduced at trial is not sufficient to support the burglary charge, we find that it is sufficient to support a conviction for criminal trespass in the second degree (see Penal Law, § 140.15), and the judgment is modified accordingly. There is no need to remand for resentence since appellant has already served the maximum time to which he could be sentenced on the criminal trespass conviction (see

*People v Bell,* 55 AD2d 624). Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.