■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAHILL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 30, 1979, convicting him of burglary in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of grand larceny in the third degree to one of petit larceny. As so modified, judgment affirmed. The People proved beyond a reasonable doubt, as found by the jury, that defendant had burglarized a

private home owned by Mr. and Mrs. Keller, and had stolen therefrom two television sets and a five-year-old camera. The value of the television sets is uncontested and was established by an expert at $220. However, with respect to the camera, Mrs. Keller testified only that her husband had purchased it five years earlier at a military PX for $60 to $70 . Although Mrs. Keller did say that the camera was in good working order at the time of the theft, no testimony was submitted establishing the market value of the camera as of that time. We have held that this type of evidence alone is insufficient to establish that the defendant had stolen property having an aggregate value in excess of $250, a necessary prerequisite for conviction of grand larceny in the third degree (Penal Law, § 155.30; see *People v Bell,* 55 AD2d 624). However, the evidence presented did establish the crime of petit larceny, and we have modified the judgment accordingly. There is no need to remand for resentence since defendant has already served the maximum time to which he could be sentenced on the petit larceny conviction (see *People v Bell, supra).* We have considered the other points raised on appeal, and find them to be without merit. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.