■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VAN ETTEN, Appellant. — Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed and defendant remanded to Supreme Court, Erie County, for resentencing. Memorandum: Defendant's conviction of grand larceny in the second degree (Penal Law, § 155.35) cannot be sustained because the People failed to prove beyond a reasonable doubt that the value of stolen jewelry exceeded $1,500. Market value or replacement cost, not original cost of the stolen property, is required to sustain a larceny conviction (Penal Law, § 155.20, subd 1; *People v Harold*, 22 NY2d 443, 445). Defendant's contention that the trial court failed preliminarily to instruct the jury pursuant to CPL 270.40 was not preserved for review (*People v Robinson*, 36 NY2d 224, 228; CPL 470.05, subd 2) and is harmless error. The judgment is modified by reducing defendant's conviction for grand larceny in the second degree to the lesser included crime of petit larceny (Penal Law, § 155.20, subd 4). (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — burglary, third degree.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.

■ WILMORITE, INC., Appellant, v QUIRINO LOMINI, Individually and Doing Business as MAIN FLORIST, Respondent. — Order unanimously affirmed, with costs. Memorandum: In this defamation action, defendant's motion for a change of venue (CPLR 510, subd 3) was addressed to the discretion of Special Term. Absent a clear abuse, not here shown, the exercise of that discretion should not be disturbed (*Hurlbut v Whalen*, 58 AD2d 311). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — change of venue.) Present — Dillon, P. J., Doerr, Boomer and Green, JJ.