■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered July 15, 1982, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered January 11, 1982, convicting him of burglary in the third degree, grand larceny in the second degree, criminal possession

of stolen property in the first degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law and the facts, by reducing defendant's convictions of grand larceny in the second degree and criminal possession of stolen property in the first degree to petit larceny and criminal possession of stolen property in the third degree, respectively, and sentences vacated on those counts. As so modified, judgment affirmed.

The People proved by overwhelming evidence that defendant, acting in concert with another, burglarized the home of Mr. and Mrs. Meyers, stole a variety of items therefrom, and was in possession of those items at the time of his arrest. Mr. Meyers testified as to the cost of the vast majority of these items at the time of their original purchase. However, no evidence was submitted with regard to the market value of the stolen property at the time of the crime (*see,* Penal Law § 155.20 [1]). Thus, the People failed to prove beyond a reasonable doubt that the stolen property had an aggregate value in excess of $1,500, an essential element of both grand larceny in the second degree (Penal Law § 155.35) and criminal possession of stolen property in the first degree (Penal Law § 165.50; *see, People v Van Etten,* 94 AD2d 953; *People v Clark,* 91 AD2d 1102; *People v Cahill,* 83 AD2d 589; *People v McKoy,* 79 AD2d 665). Moreover, the record is devoid of evidence as to when the items were purchased (*cf. People v Clark, supra; People v Bell,* 55 AD2d 624) or their condition at the time of the perpetration of the crimes (*cf. People v Cahill, supra*). Under these circumstances, the evidence presented can only sustain the lesser included offenses of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the third degree (Penal Law § 165.40; *People v James,* 111 AD2d 254; *cf. People v Van Etten, supra*), and thus, the convictions in question must be reduced accordingly (CPL 470.15 [2] [a]; *People v Dlugash,* 41 NY2d 725). There is no need to remit the matter for resentencing since defendant has already served the maximum time to which he could be sentenced on the petit larceny and criminal possession of stolen property in the third degree convictions (*see,* Penal Law §§ 155.25, 165.40, 70.15 [1]; *cf.* CPL 470.20 [4]; *People v Wilson,* 84 AD2d 852).

Defendant's claims with respect to the court's charge, raised for the first time on appeal, have not been preserved for appellate review as a matter of law (*see, People v Thomas,* 50 NY2d 467; *People v Giles,* 87 AD2d 636; CPL 470.05 [2]). In any event, the newly raised contentions do not warrant a reversal of the judgment of conviction in the interest of justice. Defendant was not entitled to a "moral certainty" charge since the People's case

was not based solely, nor even primarily, on circumstantial evidence (*see, People v Barnes,* 50 NY2d 375; *People v Dukes,* 97 AD2d 445; *cf. People v Bernardo,* 83 AD2d 1; *People v Vasquez,* 47 AD2d 934).

Finally, to the extent that the court's charge can be considered inadequate, such error was harmless in view of the overwhelming evidence of defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.