■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT GILES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered April 25, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of burglary in the second degree to criminal trespass in the second degree, and vacating the sentence imposed. As so modified, judgment affirmed.

Viewing the evidence most favorably to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was insufficient to support an inference that the defendant entered the subject premises with the intent to commit a crime therein. The People therefore failed to meet their burden of proving every element of the crime of burglary in the second degree beyond a reasonable doubt *(see,* Penal Law § 140.25 [2]). However, the evidence adduced at trial did establish the crime of criminal trespass in the second degree *(see,* Penal Law § 140.15), which requires no proof of intent, and we have modified the judgment accordingly. There is no need to remit the matter for resentencing since the defendant has already served the maximum time to which he could have been sentenced on a criminal trespass conviction *(see, People v Womble,* 111 AD2d 283; *People v Cahill,* 83 AD2d 589, 590; *People v Bell,* 55 AD2d 624).

We have examined the remainder of the defendant's contentions and have found them to be either unpreserved or without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.