■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BATISTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered December 4, 1985, convicting him of burglary in the third degree, criminal possession of stolen property in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, (1) by reducing the conviction of grand larceny in the third degree (Penal Law former § 155.30 [1]), to one of petit larceny (Penal Law § 155.25), and vacating the sentence imposed thereon, and (2) by reducing the conviction of criminal possession of stolen property in the second degree (Penal Law former § 165.45 [1]), to criminal possession of stolen property in the third degree (Penal Law former § 165.40), and vacating the sentence imposed thereon; as so modified, the judgment is affirmed; no questions of fact have been raised or considered.

At approximately 1:00 A.M. on April 14, 1985, police officers apprehended the defendant as he emerged from the broken window of an office building belonging to the Clancy Brick Corporation in Flushing, Queens. Considerable damage had been done to the interior of the building, and the defendant was endeavoring to make off with an electric typewriter, a postage meter, and the contents of a petty cashbox.

At trial, the owner, Mr. Clancy, testified that the value of the typewriter was $1,000, which was its purchase price, and that the cost to replace the postage meter would be anywhere from $500 to $1,000. No other evidence was adduced as to the value of these items, nor was there testimony as to when the typewriter had been purchased.

On appeal, the defendant submits that this testimony was

insufficient to support a conviction for grand larceny in the third degree and for criminal possession of stolen property in the second degree, since it was not objectively established that the value of the stolen property exceeded $250. The People concede that they failed to prove that the market value of the property involved in the theft was in excess of $250. Therefore, the evidence presented did not establish the crimes of grand larceny in the third degree or criminal possession of stolen property in the second degree. However, the evidence did establish petit larceny and criminal possession of stolen property in the third degree (see, People v Riddick, 69 AD2d 826).

There is no need to remand for resentence, since the defendant has already served the maximum time for which he could be sentenced on those two convictions (see, People v Riddick, supra). Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.