■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO GOVAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 9, 1985, convicting him of robbery in the third degree, grand larceny in the third degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of grand larceny in the third degree to one of petit larceny, and vacating the sentence imposed thereon. As so modified, the judgment is affirmed.

On this appeal, the defendant claims that the evidence adduced at his trial did not establish his guilt of robbery in the third degree and grand larceny in the third degree. We disagree with respect to the robbery conviction. Viewing the evidence in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict with respect to the conviction of robbery in the third degree was not against the weight of the evidence (see, CPL 470.15 [5]).

However, we do not find that the People proved the element of value in excess of $250 necessary to establish the defendant's guilt of grand larceny in the third degree (Penal Law former § 155.30). "The prosecution must establish the market value of the stolen property at the time and place of the crime or the cost of replacement within a reasonable time thereafter" (*People v James*, 111 AD2d 254, 255, *affd* 67 NY2d 662). In this case, the prosecution failed to elicit such proof from its

witnesses. Therefore, the conviction of grand larceny in the third degree is reduced to a conviction of petit larceny (Penal Law § 155.25; *People v Womble,* 111 AD2d 283; *People v Cahill,* 83 AD2d 589). We note that there is no need to remit for resentencing on that charge inasmuch as the defendant has already served the maximum permissible sentence for such a conviction *(see, People v Womble, supra,* at 285; *People v Cahill, supra).*

We also agree with the defendant's contention that the court erred in refusing to permit his mother to testify as a witness in his behalf. The record demonstrates that the excluded testimony was offered for the purpose of establishing that the defendant's physical characteristics and attire on the date of the crime were different from the description supplied by the prosecution witnesses. While not highly probative, this testimony bore some relevance to the issue of identification and was not, as the court ruled, collateral and speculative. However, due to the overwhelming evidence of the defendant's guilt we find that there is no reasonable possibility that the court's error contributed to his conviction and it was, therefore, harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are not preserved for appellate review and we decline to address them in the exercise of our interest of justice jurisdiction. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.