■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL JETER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 20, 1985, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision that the term of imprisonment imposed on the criminal possession count is to run consecutively to the terms of imprisonment imposed on the murder counts, and substituting therefor a provision that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's conviction stems from the murder of a New York City Transit Police Officer. The defendant urges on appeal that he was denied a fair trial due to the trial court's refusal to hold a hearing regarding the admissibility of certain spectrographic voice evidence. Although we agree that a hearing should have been conducted in this regard, in view of the overwhelming evidence of the defendant's guilt the error was harmless (see, People v Crimmins, 36 NY2d 230). The testimony of several eyewitnesses established the defendant's involvement in the so-called "chain snatching" event which precipitated the police officer's death. The defendant was observed "hovering" over the officer's body immediately after her death. In addition, the murder weapon was subsequently discovered in the defendant's bedroom. These factors, coupled with the court's limiting instructions to the jurors that they were free to disregard any expert testimony with respect to the spectrographic voice evidence, leads us to the conclusion that any error in failing to conduct the requested hearing is harmless inasmuch as there is no significant probability that the jury would have acquitted the defendant had the error not occurred (see, People v Crimmins, supra).

The defendant's contention that he was deprived of effective assistance of trial counsel is without merit. The conduct complained of constitutes nothing more than the unsuccessful employment of trial strategies, which will not be second guessed by an appellate court *(see, People v Sullivan,* 153 AD2d 223; *see also, People v Rivera,* 71 NY2d 705; *People v McMillan,* 111 AD2d 934).

As conceded by the People, the sentence imposed upon the conviction for criminal possession of a weapon in the second degree may not run consecutively to the other sentences imposed *(see,* Penal Law § 70.25; *People v Wachtel,* 124 AD2d 613), and the sentence is modified accordingly.

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Bellamy,* 160 AD2d 886; *People v Tubwell,* 45 AD2d 749). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.