■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered November 21, 1989, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree, and possession of burglars' tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, and vacating the sentences imposed thereon, and the first and second counts of the indictment charging the defendant with grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree are dismissed, without prejudice to the People to represent any appropriate lesser charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); as so modified, the judgment is affirmed, and a new trial is ordered on the third count of the indictment

charging the defendant with criminal mischief in the fourth degree.

The evidence produced by the People was not legally sufficient to support either the defendant's conviction of grand larceny in the fourth degree or his conviction of criminal possession of stolen property in the fourth degree *(see generally, People v Behlog,* 74 NY2d 237; *People v Young,* 168 AD2d 658; *People v Davis,* 151 AD2d 596; *People v Govan,* 149 AD2d 729).* We also find that the court's instructions to the jury improperly suggested that the victim's alleged ownership of the property in question had been established. This error may have affected the jury's verdict with respect to the two crimes noted above, as well as with respect to the crime of criminal mischief in the fourth degree.

In connection with those counts of the indictment which must be dismissed, we grant leave to the People to represent any appropriate lesser charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726, *supra).* A new trial is ordered with respect to the defendant's conviction of criminal mischief in the fourth degree *(see, People v Brooks,* 76 NY2d 746).* Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.