**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000473**
**26-JAN-2022**
**12:24 PM**
**Dkt. 101 SO**

NO. CAAP-20-0000473

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOHNNY ETIMANI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0001446)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Johnny Etimani (**Etimani**) appeals from the Judgment of Conviction and Sentence (**Judgment**), entered on June 25, 2020, in the Circuit Court of the First Circuit (**Circuit Court**).[1] After a jury trial, Etimani was convicted of one count of Sexual Assault in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-731(1)(a),[2] and two counts of Sexual Assault in the Fourth Degree, in violation of HRS § 707-733(1)(a).[3]

---

[1]  The Honorable Paul B.K. Wong presided.

[2]  HRS § 707-731(1)(a) (Supp. 2016) provides:

   (1) A person commits the offense of sexual assault in the second degree if:

    (a) The person knowingly subjects another person to an act of sexual penetration by compulsion[.]

[3]  HRS § 707-733(1)(a) (Supp. 2016) provides:

   (1) A person commits the offense of sexual assault in the fourth degree if:

(continued...)

On appeal, Etimani contends that: (1) the Circuit Court erred in allowing expert DNA testimony; (2) the Circuit Court erred when it failed to "reinstruct" the jury as to consent; and (3) Etimani was denied effective assistance of counsel because (a) counsel violated Etimani's constitutional right to testify on his own behalf; (b) counsel erred in allowing Michelle Amorin (**Amorin**), a Honolulu Police Department (**HPD**) criminalist, to be qualified as an expert in serology and forensic DNA testing; and (c) counsel failed to ensure that the jury was properly reinstructed as to consent.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Etimani's contentions as follows and affirm.

(1) Etimani contends that the Circuit Court erred in qualifying Amorin as an expert witness in the area of serology and forensic DNA testing, "despite the fact that defense counsel pointed out [Amorin's] limited educational background in scientific studies." Etimani's argument appears to be based on Amorin's not having a masters or PhD degree in molecular biology, population genetics, or other allegedly relevant fields.[4]

Hawaii Rules of Evidence (**HRE**) Rule 702 (2016), which governs the admission of expert testimony, states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. In determining the issue of assistance to the trier of fact, the court may consider the trustworthiness and validity of the scientific technique or mode of analysis employed by the proffered expert.

"Qualifying a witness as an expert requires that the proponent lay foundation establishing that '(1) the witness is

---

[3] (...continued)

  (a)  The person knowingly subjects another person, not married to the actor, to sexual contact by compulsion or causes another person, not married to the actor, to have sexual contact with the actor by compulsion[.]

[4]  Amorin testified that she had a masters degree in education.

2

qualified by knowledge, skill, training, or education; (2) the testimony has the capacity to assist the trier of fact to understand the evidence or to determine a fact in issue; and (3) the expert's analysis meets a threshold level of reliability and trustworthiness.'" State v. Jones, 148 Hawaiʻi 152, 166, 468 P.3d 166, 180 (2020) (brackets omitted) (quoting State v. Metcalfe, 129 Hawaiʻi 206 227, 297 P.3d 1062, 1083 (2013)). Here, Etimani challenges only the first prong of the applicable three-part test, arguing that "[Amorin's] opinion was limited by a lack of skill, experience, training, or education."

In construing HRE Rule 702, the Hawaiʻi Supreme Court has recognized that "'it is not necessary that the expert witness have the highest possible qualifications to testify about a particular matter;' instead, 'the expert witness must have such skill, knowledge, or experience in the field in question as to make it appear that his opinion or inference-drawing would probably aid the trier of fact in arriving at the truth.'" Leone v. Cty. of Maui, 141 Hawaiʻi 68, 84, 404 P.3d 1257, 1273 (2017) (brackets omitted) (quoting Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 352, 152 P.3d 504, 524 (2007)); see State v. Wakisaka, 102 Hawaiʻi 504, 518, 78 P.3d 317, 331 (2003) ("An expert witness need not possess the highest possible qualifications to testify about a particular matter." (citing Tabieros v. Clark Equip. Co., 85 Hawaiʻi 336, 396, 944 P.2D 1279, 1339 (1997))). Additionally, "[t]he determination of whether or not a witness is qualified as an expert in a particular field is largely within the discretion of the trial judge, and, as such, will not be upset absent a clear abuse of discretion." Jones, 148 Hawaiʻi at 166, 468 P.3d 180 (quoting State v. Torres, 60 Haw. 271, 277, 589 P.2d 83, 87 (1978)).

At trial, Amorin testified to the following:  She is a level 2 criminalist with HPD.  Her duties and responsibilities as a criminalist "include performing serology[5] and DNA analysis on items of evidence, interpreting the results from these tests,

---

[5]    Amorin testified that serology "pertains to tests that can indicate the presence of a possible biological fluid such as blood, semen, or saliva."

and reporting them in conclusions in a case report, and testifying as an expert witness." (Footnote added.) Amorin earned an undergraduate degree in biology, and received specialized training at HPD which she described as "a one year in-house training with the forensic biology unit that covered serology and -- or DNA analysis. This included written, oral, and practical exams." Amorin holds a certificate in molecular biology from the American Board of Criminalistics and is a member of the American Academy for Forensic Sciences. At the time of trial, Amorin had been employed by HPD for "more than four years . . . ." Amorin testified that she had performed DNA analysis "hundreds of times" and had previously been qualified as an expert "in the area of serology and forensic DNA testing" in Hawaiʻi courts. Over Etimani's objection, the Circuit Court qualified Amorin to present "opinion testimony in the area of serology and forensic DNA testing[,]" pursuant to HRE Rule 702.

We conclude that under the parameters set by HRE Rule 702 and Hawaiʻi case law, Amorin's testimony regarding her knowledge, skill, training, and education was sufficient to qualify her as an expert witness in the identified area of expertise. Accordingly, the Circuit Court did not abuse its discretion in allowing Amorin to testify as an expert witness in this area.

(2) Etimani contends that the Circuit Court clearly erred when it failed to "reinstruct" the jury on the issue of consent after the jury posed a question about consent.

After the presentation of evidence, the Circuit Court instructed the jury regarding consent as follows:

> In any prosecution the complaining witness's consent to the conduct alleged or to the result thereof is a defense if the consent negatives an element of the offense or precludes the infliction of the harm sought to be prevented by the law defining the offense. Consent is not a defense if it is induced by force, duress, or deception. Consent may be express or implied.
>
> "Consent" means a voluntary agreement or concurrence. The burden is upon the prosecution to prove beyond a reasonable doubt that the complaining witness did not give express or implied consent to the conduct alleged or the result thereof. If the prosecution fails to meet its burden, then you must find the defendant not guilty.

4

During deliberations, the jury asked the Circuit Court: "Given the fact that [Etimani] denies Count 1 Element 1, is the jury allowed to consider the possibility that [the complaining witness (**CW**)] implied her consent to the act?" The Circuit Court responded: "Please rely on the instructions provided, along with your collective reasoning and common sense." At trial, Etimani did not object to the Circuit Court's response.

On appeal, Etimani concedes that "the [C]ircuit [C]ourt properly instructed the jury as to the issue of consent" following the presentation of evidence. Etimani contends, however, that the Circuit Court plainly erred in responding to the jury's later question during deliberations. Etimani argues that the court should have responded "yes" to the jury's question or, at a minimum, should have specifically referred the jury to the instruction: "Consent may be express or implied."

When jury instructions or their omission are at issue on appeal, "the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." Stanley v. State, 148 Hawaiʻi 489, 500, 479 P.3d 107, 118 (2021) (emphasis omitted) (quoting State v. Loa, 83 Hawaiʻi 335, 350, 926 P.2d 1258, 1273 (1996)). "Once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction[.]" State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006). "Because the circuit court's response to a jury communication is the functional equivalent of an instruction, the standard of review for jury instructions also applies to reviewing a trial court's answers to jury communications." State v. Miyashiro, 90 Hawaiʻi 489, 492, 979 P.2d 85, 88 (App. 1999).

We addressed a similar issue in State v. Mark, 120 Hawaiʻi 499, 210 P.3d 22 (App. 2009), aff'd, 123 Hawaiʻi 205, 231 P.3d 478 (2010). There, the circuit court denied the defendant's proposed response to a jury question regarding manslaughter and instead "responded by referring the jury back to the instructions given at trial." 120 Hawaiʻi at 528, 210 P.3d at 51. On appeal,

the defendant conceded that the jury had been provided with instructions on both reckless manslaughter and manslaughter based on extreme mental and emotional distress, as part of the court's original instructions at trial. Id. The defendant argued, however, that "the jury was provided with a 'set of instructions that was voluminous,' and the court 'should have taken the trouble to distinguish between the two for the sake of the jury's full understanding of the distinction between the two types of manslaughter.'" Id. (brackets omitted). We concluded:

> The circuit court did not err in refusing [the defendant's] proposed response, and referring the jury back to the court's original instructions. Because the instructions given by the circuit court adequately covered the same propositions of law included in [the defendant's] requested response, [the defendant's] requested response was properly refused. State v. Bush, 58 Haw. 340, 342, 569 P.2d 349, 350 (1977). Although the court's original instructions were lengthy, they were not "prejudicially insufficient, erroneous, inconsistent, or misleading." [State v. ] Gonsalves, 108 Hawaiʻi [289, ]292, 119 P.3d [597, ]600 [(2005)] (citation omitted). Therefore, the circuit court did not err.

Id. at 528–29, 210 P.3d at 51–52; see also State v. Rodriguez, No. CAAP-12-0000212, 2013 WL 3198775, at *2 (Haw. App. June 25, 2013) (SDO) ("the record does not show that the court's reference back to the jury instructions confused or left an erroneous impression in the minds of the jurors." (citing State v. Laurie, 56 Haw. 664, 672, 548 P.2d 271, 277 (1976))).

Here, Etimani concedes that the Circuit Court's original jury instructions "properly instructed the jury as to the issue of consent[.]" Because those instructions adequately covered the issue of consent, including that consent may be express or implied, the Circuit Court did not err in referring the jury back to the court's original instructions. See Mark, 120 Hawaiʻi at 528–29, 210 P.3d at 51–52. Likewise, the Circuit Court did not err in not referring the jury back to a specific section of the instructions. See id. Although the instructions may have been lengthy, Etimani has not shown that they were "prejudicially insufficient, erroneous, inconsistent, or misleading." Id. Accordingly, the Circuit Court did not err as claimed.

(3) Etimani contends that three errors by his trial counsel constituted ineffective assistance of counsel.

"The standard for determining the adequacy of counsel's representation is whether, when viewed as a whole, the assistance provided is 'within the range of competence demanded of attorneys in criminal cases.'" State v. Salavea, 147 Hawaiʻi 564, 576, 465 P.3d 1011, 1023 (2020) (quoting State v. Cordeiro, 99 Hawaiʻi 390, 405, 56 P.3d 692, 707 (2002)). The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: "First, a defendant must show that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence." Id. (citing State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980)). "Second, the defendant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Id. (citing Antone, 62 Haw. at 348-49, 615 P.2d at 104).

> The second prong of this test is satisfied if the defendant shows a possible impairment of a potentially meritorious defense. [State v. ]DeLeon, 131 Hawaiʻi [463, ]479, 319 P.3d [382, ]398 [(2014)]. The defendant does not need to show the impairment was probable nor prove that the defendant suffered actual prejudice. Id.; Briones v. State, 74 Haw. 442, 465, 848 P.2d 966, 977 (1993). Specific actions or omissions that are alleged to be erroneous but that had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny. State v. Pacheco, 96 Hawaiʻi 83, 93, 26 P.3d 572, 582 (2001). If, however, the alleged error or omission had no obvious basis for benefitting the case and resulted in the withdrawal or impairment of a potentially meritorious defense, then the assistance of defendant's counsel was constitutionally inadequate. State v. Smith, 68 Haw. 304, 309-11, 712 P.2d 496, 500-01 (1986).

Id. (footnote omitted); see Briones, 74 Haw. at 463, 848 P.2d at 977 ("An informed, tactical decision will rarely be second-guessed by judicial hindsight." (citing State v. McNulty, 60 Haw. 259, 270, 588 P.2d 438, 446 (1978))); Antone, 62 Haw. at 352, 615 P.2d at 106 ("Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case.").

Etimani first contends that his trial counsel "violated Etimani's constitutional right to testify on his own behalf" (capitalization altered), as follows: At trial, Etimani

7

testified in his own defense and, on cross-examination, the deputy prosecuting attorney (**DPA**) asked Etimani, "Can you explain to the jurors how [the CW] got your semen inside her vagina?" Etimani's counsel responded, "Objection, your Honor[,]" and the Circuit Court sustained the objection." Etimani's counsel also moved to strike the DPA's question, and the court responded, "Granted. It's not evidence. The jury will disregard [the DPA's] last question." Etimani argues that his counsel's objection to the DPA's question prevented Etimani from answering, and his failure to answer "prejudiced the jury against him, and made a very big difference in the jury's final decision."

The State responds in part: "Etimani's trial counsel's objection to the [DPA's] question appears to have been based on the grounds that the question assumed facts not in evidence. The DNA evidence was only that a DNA analysis of the [CW's] vaginal swab could not exclude Etimani as the contributor of the semen."

The record appears to support the State's contention, and objecting to cross-examination questions on this basis is generally a strategic decision left to trial counsel. In this regard, we note that Etimani's opening brief violates Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(a), which states, in relevant part: "If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective." The record contains no indication that Etimani served his ineffective assistance of counsel claim upon counsel whom he claims was ineffective, as required by HRAP Rule 28(a). In any event, Etimani has not sustained his burden of showing that his trial counsel, by objecting to the DPA's question, made a specific error reflecting a lack of skill, judgment, or diligence. Morever, Etimani fails to indicate what he would have testified to if he had been allowed to answer. Cf. State v. Richie, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998) ("Ineffective assistance . . . claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." (citing State v. Fukusaku, 85 Hawaiʻi 462, 481, 946 P.2d 32, 51 (1997))). Thus,

Etimani has not established that the alleged error resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. However, because Etimani did not obtain new counsel until after the deadlines for filing a post-verdict motion for judgment of acquittal and motion for new trial had passed, we affirm the Judgment without prejudice to a subsequent Hawaiʻi Rules of Penal Procedure Rule 40 petition on this basis.

Etimani also contends that his trial counsel provided ineffective assistance by allowing Amorin to be qualified as an expert despite her allegedly limited relevant educational background, and by failing to ensure that the jury was properly reinstructed as to consent. Because we have concluded that the Circuit Court did not abuse its discretion in allowing Amorin to testify as an expert witness, and did not err in referring the jury back to the court's original instructions (see supra), Etimani has not sustained his burden of showing ineffective assistance of counsel related to these two issues.

Accordingly, Etimani's asserted claims of ineffective assistance of counsel are without merit.

For the reasons discussed above, the Judgment of Conviction and Sentence, entered on June 25, 2020, in the Circuit Court of the First Circuit, is affirmed. We affirm without prejudice to a subsequent Rule 40 petition on the ground specified in this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, January 26, 2022.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

9