■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY JENKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1977, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Brown,* 59 AD2d 622). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 20, 1975 (the date on the clerk's extract is April 25, 1975), convicting him of burglary in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of grand larceny in the third degree to one of petit larceny. As so modified, judgment affirmed. Defendant correctly contends that the proof submitted by the People was insufficient to establish that he had stolen property having an aggregate market value in excess of $250 at the time of theft, as required for a conviction of grand larceny in the third degree (see Penal Law, § 155.30; cf. *People v Bell,* 55 AD2d 624). The evidence presented did establish the crime of petit larceny. There is no need to remand for resentence since defendant has already served the maximum time to which he could be sentenced on the petit larceny conviction (see Penal Law, §§ 155.25, 70.15; cf. CPL 470.20, subd 4). We have examined defendant's other contentions and find them to be without merit. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL M., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 13, 1976, adjudicating him a youthful offender, after a jury verdict convicting him of robbery in the second degree, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Although a trial court is granted wide latitude in controlling the conduct of a trial, here the court exercised its discretion improvidently by (1) curtailing the cross-examination of the complainant and (2) interrupting the questioning of witnesses by appellant's counsel both on direct and cross-examination. This conduct, together with certain improper and erroneous statements made by the Trial Judge during the charge to the jury, may have conveyed to the jury that he was of the opinion that appellant was guilty. The cumulative effect of this conduct served to deprive appellant of a fair trial (see *People v Robinson,* 53 AD2d 898). Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.