■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WARREN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered May 12, 1981, convicting him of robbery in the third degree, unauthorized use of a motor vehicle, unlawful imprisonment in the second degree, and escape in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment modified, on the law, by reducing the conviction of escape in the second degree to one of escape in the third degree, and vacating the sentences imposed on all charges of which defendant stands convicted. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentencing. ¶ The evidence reveals that at about 6:30 P.M. on May 27, 1980, Police Officer Joseph McMahon and his partner, Sergeant Corcorhan, were driving through a parking lot located at 79-00 Queens Boulevard when Police Officer McMahon observed the defendant with a screwdriver in his hand, standing at the rear of a vehicle opening its trunk. As Sergeant Corcorhan approached defendant in order to question him, defendant ran. Defendant, however, was eventually caught and placed under arrest for attempted grand larceny in the second degree, a felony, and possession of burglar's tools. Following his arrest, defendant complained of a stomachache and was taken to Elmhurst General Hospital. When McMahon returned to duty the following afternoon of May 28, he was sent to Elmhurst General Hospital to guard defendant. He observed that the defendant was not handcuffed and was lying on an "operating table" in the corridor. Sometime later, while McMahon was trying to expedite defendant's medical treatment, defendant managed to get off the table without McMahon's noticing him. The next thing McMahon observed was defendant running down the corridor; defendant made a left turn into the X-ray room. McMahon followed him into the X-ray room, and through an open window, observed him running down Broadway. McMahon went out the front door of the hospital, and observed defendant at that time opening the door of a car which had been stopped for a red light, and dragging the woman driver and her son out of the car. Defendant then drove away, with the woman's daughter still in the front seat of the car. After driving about 8 to 10 blocks, defendant let the girl out of the car. Defendant was subsequently placed under arrest on or about October 9, 1980 and was indicted for robbery in the second degree, unauthorized use of a motor vehicle, reckless endangerment, unlawful imprisonment in the second degree, and escape in the second degree, all stemming from the events of May 28. ¶ Subdivision 2 of section 205.10 of the Penal Law provides that "[a] person is guilty of escape in the second degree when: * * * [h]aving been arrested for, charged with or convicted of a * * * *felony,* he escapes from custody" (emphasis added). Police Officer McMahon testified that the defendant was arrested for attempted grand larceny in the second degree, which is a felony (Penal Law, §§ 110.00, 110.05, 155.35). While McMahon's testimony is sufficient to establish that he had probable cause to believe defendant attempted to steal property, the People did not present any evidence whatsoever as to the value of the property. Thus, there apparently was no basis to arrest defendant for the felony of attempted grand larceny in the second degree instead of the misdemeanor of attempted petit larceny (Penal Law, §§ 110.00, 110.05, 155.25; see *People v Cahill,* 83 AD2d 589; *People v Johnson,* 59 AD2d 914; *People v Bell,* 55 AD2d 624). On facts very similar to those of the instant

case, the United States Court of Appeals for the Fifth Circuit in *Theriault v United States* (434 F2d 212), vacated a sentence imposed for escaping from custody after being arrested on a felony charge, and remitted the matter to the trial court to modify the judgment to reduce the conviction to escaping from custody after being arrested on a misdemeanor charge. At Theriault's trial, documents were introduced into evidence to show that he was being held in custody at the time of his escape on a charge of violating section 641 of title 18 of the United States Code which provides that: ¶ "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or ¶ "Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted — ¶ "Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both. ¶ "The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater." ¶ The documents described the property alleged to have been stolen as "31 United States Postal Money Orders, things of value of the United States", but contained no allegation of their value. The Fifth Circuit held that the defendant's conviction of escaping from custody after being arrested for a felony charge had to be reduced to one of escaping from custody after being arrested on a misdemeanor charge in view of the lack of proof of the value of the property alleged to have been stolen. Moreover, the Fifth Circuit stated the following in *United States v McKim* (509 F2d 769, 774) with regard to the amount of proof necessary to establish escape from custody on account of a felony charge: "In the case before us, the indictment was silent as to the nature of the offense leading to the custody, and the court did not charge the jury at all on the point. There was only a passing hearsay reference to a felony arrest during the course of trial, hardly enough to constitute a basis for a jury finding of guilt beyond a reasonable doubt, particularly when the jury was not even instructed on the point. The proof was sufficient to prove, at most, escape from custody on account of a misdemeanor charge". ¶ Applying the rationale of *Theriault v United States* (*supra*) and *United States v McKim* (*supra*), to the instant case, McMahon's testimony that he arrested defendant for attempted grand larceny in the second degree, a felony, was insufficient to prove escape from custody after being arrested for a felony. For the underlying offense pursuant to which defendant was in custody to amount to a felony, there must be some proof that the value of the property that defendant attempted to steal exceeded $1,500 (Penal Law, §§ 110.00, 110.05, 155.35). The People must establish that defendant's arrest was "authorized" (Penal Law, § 205.00, subd 2). This is not to say, however, that a defendant's guilt of the underlying offense must be proven beyond a reasonable doubt to convict him of escape in the second degree since that would contravene the language of sections 205.15 and 205.10 of the Penal Law. Thus, in view of the lack of proof of the value of the property that defendant attempted to steal, we reduce defendant's conviction of escape in the second degree to one of escape in the third degree, a misdemeanor (Penal Law, § 205.05) and we remit the matter for resentencing on all counts of which defendant stands convicted (see CPL 470.20; Penal Law, § 70.25). ¶ We have considered the defendant's other contentions, including his assertion that there was no probable cause for his arrest, and we reject them. Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.