■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GONZALEZ, Appellant. — Judgment of the Supreme Court, Bronx County (Archie Gorfinkel, J.), rendered on April 6, 1983, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance and sentencing him, as a second felony offender, to two concurrent indeterminate terms of from 4½ to 9 years' imprisonment, is reversed, on the law, and the matter remanded for a new trial.

In its charge to the jury, the trial court properly did not instruct them to refrain from drawing any negative inference

regarding the defendant's failure to testify. After the instructions had been delivered, the court asked counsel whether they had any exceptions to the charge or requests. The defense attorney stated that the court did not include the charge concerning the defendant's failure to testify, but the court denied the request on the ground that the issue had been covered in the presumption of innocence charge. The attorney thereafter excepted. However, the court's instruction as to the presumption of innocence does not satisfy the requirement of CPL 300.10 (subd 2) which provides that: "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." Since this statute is mandatory, the court's failure to so charge constitutes reversible error. (*People v Britt,* 43 NY2d 111; *People v Jones,* 67 AD2d 635.) Consequently, the defendant is entitled to have his conviction set aside and the matter remanded for a new trial. Concur — Kupferman, J. P., Sullivan, Asch, Fein and Milonas, JJ.