■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY JEFFRIES, Appellant.—Judgment unanimously reversed on the law and new trial granted solely on first and third counts of indictment; indictment otherwise dismissed, with leave to the People to re-present any appropriate charges to another Grand Jury. Memorandum: On October 18, 1984 at about 11:40 A.M., Officer Sexstone of the Rochester Police Department responded to a radio call of a burglary on Boston Street. When he arrived at the scene, a nearby resident yelled "they're stripping the car". Sexstone observed "a black vehicle parked in the backyard with the tire removed and two male blacks jumping the fence running south". He pursued and apprehended defendant on a porch at 544 Clifford Avenue. He took defendant into custody "for a larceny to a vehicle". As they were descending the porch stairs, defendant struck Sexstone, broke free and ran but eventually was apprehended. Defendant voluntarily told the police that "another black male had picked him up driving the vehicle in question" and they had proceeded to Boston Street where they were stripping the car when the police arrived. The owner of the automobile testified that it had been stolen from a parking lot earlier that morning. When the car was recovered, it was in a damaged condition.

The indictment returned against defendant contained five counts. The first charged criminal possession of stolen property in the first degree, to wit: a 1983 Buick automobile; the second charged grand larceny in the third degree of a quantity of tires, wheels and hubcaps; the third charged criminal mischief in the third degree, to wit: damaging the 1983 Buick; the fourth charged assault in the second degree upon a police officer; the fifth charged escape in the second degree. At the close of the People's case, the grand larceny charge was dismissed because there had been no proof of value; the lesser included offense of petit larceny was submitted to the jury. Defendant was convicted of criminal possession of stolen property in the first degree, criminal mischief in the third degree and escape in the second degree as charged. He was also convicted of petit larceny, but was acquitted of second degree assault.

Defendant contends that the trial court's refusal to give a "no favorable inference" charge with regard to his failure to testify constitutes reversible error. We agree. It is well estab-

lished that since the terms of CPL 300.10 (2) are mandatory, the court's failure to comply with a request to so charge constitutes reversible error *(People v Koberstein,* 66 NY2d 989; *People v Britt,* 43 NY2d 111; *People v Gonzalez,* 104 AD2d 308). Although the request for the charge was made after the court had completed its initial instructions to the jury, it was neither untimely nor improper (CPL 300.10 [5]; *People v Gonzalez, supra; People v Cintron,* 89 AD2d 590). There must be a reversal and a new trial granted on the first and third counts of the indictment.

We reject defendant's argument that the evidence was insufficient to support the petit larceny conviction. The proof amply demonstrated defendant's involvement in the continuing asportation of the vehicle and of its tires, wheels and hubcaps *(cf., People v Robinson,* 60 NY2d 982). We agree with defendant, however, that the evidence was insufficient to support his conviction for escape in the second degree. The People failed to prove, as required by Penal Law § 205.10 (2), that at the time of the escape defendant had been lawfully arrested for a felony *(see, People v Warren,* 103 AD2d 760). The proof was adequate to support only the lesser included offense of escape in the third degree (Penal Law § 205.05).

Since the trial court dismissed the charge of grand larceny in the third degree under the second count of the indictment and we now find the evidence insufficient to support the charge of escape in the second degree under the fifth count of the indictment, defendant may not be retried for the respective lesser included offenses under those counts *(People v Mayo,* 48 NY2d 245). The People are granted leave, however, to re-present any appropriate charges to another Grand Jury *(People v Gonzalez,* 61 NY2d 633). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.