THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARROLL, Appellant.—

We find that the charge of burglary in the second degree which constituted the underlying felony charge for the defendant's conviction of escape in the first degree was sufficient. The Penal Law clearly states that "A person is guilty of

escape in the first degree when * * * [h]aving been *charged* with or convicted of a felony, he escapes from a detention facility" (Penal Law § 205.15 [1] [emphasis added]). There is no requirement that the defendant's guilt of the underlying felony be proven beyond a reasonable doubt, "since that would contravene the language of [section] 205.15" *(People v Warren,* 103 AD2d 760, 761). Further, the court properly instructed the jury, as a matter of law, that the Mount Vernon city jail, in which the defendant was incarcerated prior to his escape, was a "detention facility" within the meaning of Penal Law § 205.00 (1) and § 205.15 (1).

The defendant attributes prejudicial error to one of the prosecutor's remarks made during summation. However, this issue was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953; *People v Martin,* 149 AD2d 534, 535). In any event, it did not deprive the defendant of a fair trial in light of the overwhelming evidence of his guilt *(see, People v Crimmins,* 36 NY2d 230, 240; *People v Cody,* 149 AD2d 722; *People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837).

We have considered the defendant's remaining contentions and find they do not require reversal. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.