■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM MALDONADO, Respondent. [613 NYS2d 607] —Order, Supreme Court, New York County (Martin Rettinger, J.), entered September 22, 1992, which granted defendant William Maldonado's motion to dismiss the indictment charging him with escape in the first degree, is reversed, and the indictment is reinstated.

On April 16, 1992, defendant was arrested at the corner of Avenue B and East 3rd Street during a buy and bust operation being conducted in lower Manhattan. Defendant is alleged to have sold what he represented to be narcotics (a white powder) to an undercover officer and was subsequently arrested by the backup team and charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39), a class B felony. Defendant's hands were cuffed behind his back and he was placed in the rear of a police van. As the van reached the corner of First Avenue and East 5th Street, defendant managed to open the rear door and escape. Five days later, defendant was located and arrested in Brooklyn, New York. In the interim, a police laboratory analysis of the substance sold by defendant revealed that no narcotics were present.

On May 4, 1992, an indictment was filed charging defendant with escape in the first degree (Penal Law § 205.15). On June 26, 1992, defendant moved to dismiss the indictment on the

grounds that the People failed to properly instruct the Grand Jury and failed to prove the existence of an underlying felony. On July 29, 1992, the People presented the case to a second Grand Jury, which again voted a true bill. On August 5, 1992, the People filed a superseding indictment charging defendant with escape in the first degree and by written decision dated September 22, 1992, Justice Rettinger granted defendant's motion and dismissed the indictment. This appeal followed.

Penal Law § 205.15 (2) states: "A person is guilty of escape in the first degree when * * * Having been arrested for, charged with or convicted of a class A or class B felony, he escapes from custody".

" 'Custody' means restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law § 205.00 [2]). An arrest is authorized if it is based on probable cause *(People v De Bour,* 40 NY2d 210, 223; *People v Hollman,* 79 NY2d 181, 185).

A review of the Grand Jury minutes reveals that Officer Gary Combs, the arresting officer, testified that he received a radio transmission that the undercover made a "positive buy", which meant that the undercover officer purchased narcotics at the targeted location. A detailed description of the defendant was also transmitted. At that point, Officer Combs, accompanied by other members of the backup team, moved in and arrested Maldonado. Officer Combs testified that defendant was charged with criminal sale of a controlled substance pursuant to Penal Law § 220.39 (1). Because Officer Combs relied on information from a fellow officer who had personally observed the drug sale, Officer Combs possessed probable cause to make an authorized arrest *(see, People v Petralia,* 62 NY2d 47, 51-52, *cert denied* 469 US 852).

Defendant argues, however, that in order to set forth a *prima facie* case of first degree escape, the People, in addition to demonstrating probable cause for the underlying arrest, need also establish the underlying felony. This argument, however, is in contravention of the clear language of the statute which provides that a person is guilty of escape in the first degree when "[h]aving been arrested for * * * a class A or class B felony, he escapes from custody" (Penal Law § 205.15 [2]). Since Officer Combs clearly had probable cause to make an authorized arrest and charge defendant with a class B felony at the time that the arrest was made, the elements of escape in the first degree, as set forth in the statute, have been satisfied. This is so notwithstanding the fact that at some

later time, well after the authorized arrest, and defendant's escape, it was determined that no narcotics were actually present.

The defendant's reliance on *People v Warren* (103 AD2d 760) is unavailing. In *Warren,* the defendant was arrested after a police officer observed him attempting to break into the trunk of a car with a screwdriver. Defendant was charged with attempted grand larceny in the second degree, a felony, as well as possession of burglar's tools. Defendant subsequently escaped, was rearrested, and, *inter alia,* was charged with escape in the second degree.

After appeal, defendant's conviction of escape in the second degree was reduced to escape in the third degree, a misdemeanor. The Court held that while the officer had probable cause to believe the defendant had stolen property, there was insufficient evidence to establish that the officer knew its value exceeded $1,500, and thereby support the charge of a felony. Thus, the Court concluded that while the arrest was authorized, there was no basis to charge Warren with anything more than the misdemeanor of attempted petit larceny.

The *Warren* Court, however, did not require the People to prove the underlying offense. Rather, the Court required that the People demonstrate that the officer had probable cause to arrest the defendant for the particular offense charged at the time of the arrest, which in the case at bar is uncontroverted. Indeed, the *Warren* Court expressly held that the underlying offense does not have to be proven beyond a reasonable doubt to convict the defendant of escape in the second degree *(see also, People v Carroll,* 158 AD2d 704, 705 [in which the Court held that there is no requirement that the underlying felony be proven in order to sustain a conviction of escape in the first degree]; *People v Jeffries,* 129 AD2d 962, 963 [in which the Court held that in order to support a conviction for escape in the second degree, the People must prove that at the time of the escape, defendant had been lawfully arrested for a felony]).

Pursuant to defendant's argument, the validity of a charge of unlawful escape would depend on the ultimate disposition of the crime charged against defendant at the moment of escape. If defendant is acquitted of the underlying crime charged then it would follow, under defendant's interpretation, that the charge of unlawful escape would also be dismissible. This clearly was not the intent of Penal Law § 205.15.

Since at the time of Maldonado's escape, Officer Combs had

lawfully arrested defendant and charged him with criminal sale of a controlled substance in the third degree, the indictment charging defendant with escape in the first degree should be reinstated. Concur—Sullivan, J. P., Asch, Williams and Tom, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Rettinger, J.