OPINION OF THE COURT
 

 Simons, J.
 

 The Penal Law provides that a person is guilty of escape in the first degree when "[h]aving been arrested for * * * a class A or class B felony, he escapes from custody” (Penal Law § 205.15 [2]). Lower degrees of escape are predicated on an arrest for lesser charges. In this case, defendant has been charged with escape in the first degree following his arrest for selling narcotics, a B felony
 
 (see,
 
 Penal Law § 220.39 [1]). The question submitted is whether the People presented sufficient evidence of the underlying narcotic crime to support the indictment for escape, first degree.
 

 Supreme Court dismissed the indictment, holding that the People failed to establish a prima facie case of criminal sale of narcotics to support a charge of escape in the first degree. The Appellate Division reversed and reinstated the indictment, concluding that the People need establish only that there was probable cause for the underlying narcotics arrest and that this burden had been satisfied. We now affirm.
 

 I
 

 The charges arise from events during a buy and bust operation. An undercover police officer, after negotiating a purchase of drugs, advised his backup team that there had been a "positive buy” and gave a description of the seller. Based on this radio transmission, Officer Gary Combs arrested defendant for criminal sale of a controlled substance in the third degree, a class B felony
 
 (see,
 
 Penal Law § 220.39 [1]). The police rear-cuffed the defendant and placed him in the back of a police van. While being transported to the station, defendant managed to open the rear door of the van and disappeared into a nearby apartment complex. He remained at large for five days until he was again arrested.
 

 In the interim, a laboratory analysis of the substance sold by defendant tested negative for narcotics and accordingly, the People presented only the escape charge to the Grand Jury. The Grand Jury indicted defendant for escape in the first degree (Penal Law § 205.15 [2]).
 

 
 *634
 
 II
 

 Section 205.15 (2) of the Penal Law provides that escape in the first degree is committed when a person escapes from custody after "[h]aving been arrested for, or charged with” an A or B felony (Penal Law § 205.15 [2]). A person is in custody when he is restrained by a public officer following an authorized arrest (Penal Law § 205.00 [2]). The only element in question in this appeal, and the focus of our inquiry, is the sufficiency of the evidence supporting the existence of the underlying crime, i.e., whether the People established that the police made an authorized arrest for a B felony. If the arresting officer had probable cause to arrest defendant for an A or B felony, defendant’s subsequent escape from custody constituted first degree escape.
 

 Defendant maintains that the People have a greater burden, that they must prove the A or B felony. He points out that the sole difference among the three degrees of escape is the basis for the arrest: a defendant who escapes from general custody is guilty of third degree escape, a class A misdemeanor (Penal Law § 205.05); a defendant who escapes from custody after being arrested for a class C, D or E felony is guilty of second degree escape (Penal Law § 205.10 [2]); and a defendant who escapes from custody after being arrested for a class A or B felony is guilty of first degree escape (Penal Law § 205.15 [2]). Thus, he urges a showing of the defendant’s actual culpability for the underlying crime is necessary to justify the imposition of enhanced punishment for the escape crime. In his view a simple showing of probable cause satisfies the requirement that the custody was lawful, and may demonstrate that the defendant committed escape, third degree, but it does not supply the evidence required to establish the aggravating element, an A or B felony arrest, necessary to subject defendant to enhanced punishment for the escape.
 

 We hold the People need not prove to the Grand Jury’s satisfaction that the underlying crime was actually committed or even establish, prima facie, that a narcotic was sold
 
 (see, People ex rel. Dixon v Snyder,
 
 259 App Div 760). The statute is satisfied if the People establish that the police had reasonable cause to believe at the time of the arrest that an A or B felony has been committed. The ultimate disposition of the underlying charge is irrelevant
 
 (cf., People v Eiffel,
 
 81 NY2d 480;
 
 People v Williams,
 
 25 NY2d 86).
 

 Defendant’s argument assumes that the enhancement of the
 
 *635
 
 crime of escape is based upon the arrestee’s blameworthiness. The conduct involved in escaping, however, is equally culpable regardless of the severity of the underlying charge. The crime increases in degree, not because of the arrestee’s blameworthiness, but because of the impact an escaped prisoner charged with an underlying crime of greater severity has on society. A similar degree structure, supported by similar policy concerns, is found in the bail jumping statutes (Penal Law § 215.55
 
 et seq.).
 

 Nor do we find persuasive defendant’s reliance on cases such as
 
 People v Warren
 
 (103 AD2d 760) and
 
 People v Jeffries
 
 (129 AD2d 962). The Courts in those cases construed the statute as we do to require probable cause for the arrest for the underlying felony. The arrests in both those cases were for grand larceny, a crime which is defined in terms of the value of the property. Inasmuch as value is an element of the crime of grand larceny, the Courts held the People had failed to establish probable cause for the arrests for grand larceny because they had failed to establish the value element. There is no similar requirement that the police know the kind or amount of the narcotics involved before making an arrest for criminal sale of a controlled substance in the third degree
 
 (see, People v Williams,
 
 205 AD2d 567;
 
 People
 
 v
 
 Hernandez,
 
 189 AD2d 634;
 
 People v Acevedo,
 
 179 AD2d 465, 467).
 

 Ill
 

 The inquiry, then, is whether Officer Combs possessed probable cause to arrest defendant for selling narcotics.
 

 A police officer may arrest for an offense without a warrant if he has reasonable cause to believe that a person has committed that offense in his presence (CPL 140.10 [1] [b]). Reasonable cause means probable cause
 
 (see, People v Johnson,
 
 66 NY2d 398, 402, n 2). Probable cause exists when an officer has knowledge of facts and circumstances "sufficient to support a reasonable belief that an offense has been or is being committed”
 
 (People v Bigelow,
 
 66 NY2d 417, 423;
 
 People v McRay,
 
 51 NY2d 594, 602). Moreover, under the fellow officer rule, an arresting officer is deemed to act with probable cause when acting at the direction of another law enforcement officer who has the requisite probable cause
 
 (People v Rosario,
 
 78 NY2d 583, 588-589;
 
 People v Petralia,
 
 62 NY2d 47, 51-52). Thus, Combs, as the arresting officer, could rely on information supplied him by another officer, and if the evidence on
 
 *636
 
 which he acted gave probable cause to believe defendant had committed a B felony, the crime of escape, first degree, has been established.
 

 Officer Combs testified before the Grand Jury that on the day of the arrest he was participating as the backup man in a buy and bust operation. The plan in such operations is for an undercover officer to solicit the sale of narcotics and when the sale is complete, to radio a backup officer to arrest a described seller. Combs testified that he received a radio transmission from the undercover officer that a "positive buy” had been made and giving him a description of the seller’s clothing and physical characteristics. Combs interpreted "positive buy” to mean that narcotics had been sold. Accordingly, he arrested defendant, who matched the description, for violation of section 220.39 (1) of the Penal Law, unlawful sale of a narcotic drug (a B felony), and advised him that he was charged with violating the State narcotic laws. Although it was subsequently revealed that the substance purchased was not a narcotic, the undercover was not required to field test it to determine that it was in fact a narcotic and not some other substance in order to sustain the escape charge. He and the arresting officer could reasonably believe, based upon their experience and all the circumstances surrounding the transaction, that defendant had sold narcotics to the undercover. This evidence, accompanied by evidence that defendant escaped after being arrested, was sufficient to support the indictment for escape, first degree.
 

 To obtain a Grand Jury indictment the People were required to submit "competent” and "admissible” evidence sufficient to establish every element of the crime which, if viewed in the light most favorable to them, provided reasonable cause to believe defendant committed the crime of escape, first degree
 
 (see,
 
 CPL 190.65 [1];
 
 People v Swamp,
 
 84 NY2d 725, 729-730;
 
 see also, People v Galatro,
 
 84 NY2d 160, 163-164). In charging defendant with escape, the People did not seek to establish, nor were they obliged to establish, criminal sale of a controlled substance in the third degree. They were only required to establish that defendant was arrested with probable cause to believe he had sold narcotics and that he subsequently escaped from custody. They did so.
 

 
 *637
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.