OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously reversed on the *84 law and facts, motion denied and matter remanded to the court below for all further proceedings.
Defendant was found asleep in a parked car at about 10:00 p.m. with the motor running. The police properly observed his condition and after opening the door of the car, arrested him for driving while intoxicated. The court below granted the motion to suppress the results of the breathalyzer test on the ground that the police lacked probable cause to arrest defendant.
Notwithstanding the lower court’s extensive analysis of most of the cases in this area, it appears that the analysis used by the court below was more proper for a decision after a trial, instead of determining if probable cause existed for the arrest of defendant at that time. Moreover, in People v Alamo (34 NY2d 453, 458), the Court stated: “An established line of authority in New York and elsewhere holds that for purposes of offenses for driving while intoxicated under the Vehicle and Traffic Law, operation of the vehicle is established on proof that the defendant was merely behind the wheel with the engine running without need for proof that defendant was observed driving the car, i.e., operating it so as to put it in motion.” Based on the holding in the case just cited, the police clearly had probable cause to arrest defendant at that time. All other issues mentioned by the court below are properly issues to be determined at a trial.
Kassoff, P. J., Scholnick and Patterson, JJ., concur.