■ The People of the State of New York, Respondent, v Jerry Gaillard, Appellant. [682 NYS2d 35] —Judgment, Supreme Court, New York County (Richard Carruthers, J.),

rendered December 4, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to indeterminate terms of imprisonment of 6 to 12 years, to be served concurrently, unanimously affirmed.

This appeal was held in abeyance and the matter remanded to Supreme Court for determination of defendant's speedy trial motion (252 AD2d 357). On remand, the court found the People chargeable with 102 days' delay, well within the six-month statutory time limit imposed by CPL 30.30 (1) (a), and therefore denied the motion. Defendant has not challenged this decision.

On appeal, defendant contends that his motion to suppress evidence was improperly denied because the testimony received into evidence fails to establish that the police had probable cause to arrest him. Specifically, he argues that insufficient information was communicated to the arresting officer to permit him to reasonably conclude that defendant had committed a crime.

At the suppression hearing, a New York City detective gave testimony that defendant was arrested after being observed in conversation with another man, subsequently identified as Robert Brouse. He heard his partner say, "He did him", which the detective understood to mean that a drug transaction had taken place between defendant and Brouse. The detectives pursued Brouse and, upon placing him under arrest, recovered a zip-lock bag which, the detective was told, resembled the one given to him by defendant in exchange for currency. The detectives then returned to the scene of the transaction, where they encountered defendant and placed him under arrest.

There is no merit to defendant's contention that the evidence adduced at the hearing was insufficient to establish probable cause. Probable cause may be demonstrated on the basis of reliable hearsay (*see, People v Parris*, 83 NY2d 342, 346). The detective was entitled to rely on the information supplied by a fellow officer (*People v Ramirez-Portoreal*, 88 NY2d 99, 113; *People v Maldonado*, 86 NY2d 631, 635), who observed what appeared to be a drug transaction. This information, together with the recovery from Brouse of a plastic bag similar to the one observed in the exchange with defendant, constitutes sufficient evidence from which the hearing court could infer that the detective, acting upon information supplied by his partner, entertained a reasonable belief that defendant had committed a crime (*Matter of Robert S.*, 159 AD2d 358, 359, *appeal dismissed* 76 NY2d 770).

Defendant's other contentions have been examined and found to be without merit. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.