■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE C. JONES, Appellant. [785 NYS2d 705]—Appeal by the defendant from a judgment of the County Court, Nassau Court (O'Shaughnessy, J.), rendered April 11, 1980, convicting him of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Samenga, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying those branches of his omnibus motion which were to suppress physical evidence and his confession is only partially preserved for appellate review (*see* CPL 470.05 [2]). In any event, the recovery of a weapon and the defendant's confession were not the fruit of an unlawful arrest (*see People v Ketcham*, 93 NY2d 416, 419 [1999]; *People v Maldonado*, 86 NY2d 631, 635-636 [1995]).

The defendant's remaining contentions either are not preserved for appellate review or without merit. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELANTHA MATTHEWS, Appellant. [785 NYS2d 716]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Smith, J.), rendered May 6, 2003, convicting her of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support her conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.