■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MONTANEZ, Appellant. [912 NYS2d 282]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered December 9, 2008, convicting him of escape in the second degree, criminal possession of stolen property in the fifth degree, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of escape in the second degree under count six of the indictment to escape in the third degree, and vacating the sentence imposed thereon; as so modified, the

judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of escape in the third degree.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was not legally sufficient to establish the defendant's guilt of escape in the second degree beyond a reasonable doubt because the People failed to prove, as required by Penal Law § 205.10 (2), that the defendant was lawfully arrested for a felony at the time of the escape (*see People v Jeffries*, 129 AD2d 962, 963 [1987]; *People v Warren*, 103 AD2d 760 [1984]; *cf. People v Maldonado*, 86 NY2d 631, 636 [1995]). Nevertheless, the evidence presented at trial established beyond a reasonable doubt that the defendant was lawfully arrested for a misdemeanor at the time he escaped from custody (*see* Penal Law § 205.05). Accordingly, the judgment must be modified to reduce the defendant's conviction under count six of the indictment from escape in the second degree to escape in the third degree (*see* CPL 470.15 [2] [a]; *People v Jeffries*, 129 AD2d at 963; *People v Warren*, 103 AD2d at 760).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's request to admit evidence that he was diagnosed with thyroid cancer approximately four months after his arrest (*see generally People v Primo*, 96 NY2d 351, 355 [2001]). To the extent that the proffered evidence was relevant to a material fact in this case, whatever probative value it conferred was substantially outweighed by the danger that it would unfairly prejudice the People by creating sympathy for the defendant (*see People v Thomas*, 65 AD3d 1170, 1171-1172 [2009]; *People v Bond*, 198 AD2d 509, 510 [1993]).

In light of our determination, the defendant's contention that the Supreme Court erred in denying his request to charge the jury with escape in the third degree as a lesser-included offense of escape in the second degree has been rendered academic.

The defendant's contention that the verdicts as to criminal possession of stolen property in the fifth degree and attempted petit larceny were against the weight of the evidence is without merit and his remaining contentions are unpreserved for appellate review. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.