People v Kaster (2020 NY Slip Op 51220(U))

[*1]

People v Kaster (James)

2020 NY Slip Op 51220(U) [69 Misc 3d 132(A)]

Decided on October 8, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2019-1251 OR CR

The People of the State of New York,
Appellant, 
against
James Kaster, Respondent. 

Orange County District Attorney (Willian C. Ghee of counsel), for appellant.
Kevin Richards, for respondent (no brief filed).

Appeal from an order of the City Court of Newburgh, Orange County (Paul D. Trachte, J.),
rendered June 24, 2019. The order, after a hearing, insofar as appealed from, granted the branch
of defendant's motion seeking suppression of statement and physical evidence obtained
postarrest.

ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of
defendant's motion seeking suppression of the postarrest statement and physical evidence is
denied and the matter is remitted to the City Court for all further proceedings.
Defendant was charged in two misdemeanor informations with, respectively, driving while
intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated
(common law) (Vehicle and Traffic Law § 1192 [3]). The charges arose from the same
incident. At a suppression hearing, the arresting deputy testified that, while on patrol on February
9, 2019 at approximately 2:23 a.m., he saw a vehicle parked in a large parking lot. The vehicle's
engine was running, and the driver's side door was open. Upon approaching the vehicle to
investigate whether anyone was injured, the deputy observed defendant passed out in the driver's
seat, his head resting upon the steering wheel. A large pile of vomit was on the ground outside of
the [*2]open driver's side door. Defendant had a strong odor of an
alcoholic beverage and bloodshot watery eyes, and he had to use the vehicle for balance while
exiting it. Defendant told the deputy that "he had been drinking and . . . was trying to sleep it
off." After defendant failed each of three field sobriety tests, the deputy placed defendant under
arrest. Defendant was given Miranda and refusal warnings, following which he consented
to speak with the deputy and to submit to chemical testing of his breath. Defendant told the
deputy that he had drunk four shots and eight beers. No evidence of the result of defendant's
breathalyzer test was given during the hearing.
Defendant testified at the hearing that he had become intoxicated while at a nearby nightclub.
Since he was unsuccessful reaching a friend by phone to pick him up, he slept in the driver's seat
of his vehicle. He kept the driver's side door open because he was feeling sick, but as it was a
cold February night, he started his vehicle so as to turn on the heat. Defendant testified that he
neither drove, nor attempted to drive, his vehicle while he was intoxicated.
The City Court found that, although the deputy "had [a] reasonable basis" to investigate the
defendant's vehicle, "and had developed more than sufficient information to determine that
[defendant] was intoxicated, . . . the People have failed to present sufficient evidence to establish
probable cause . . . to establish operation and justify the arrest for driving while intoxicated."
Consequently, the court granted the branch of defendant's motion seeking to suppress the result
of the postarrest chemical test of defendant's breath and statement attributed to him, but denied
suppression of the prearrest statement attributed to defendant and the deputy's prearrest
observations of him.
The People appeal from so much of the court's order as granted suppression, and assert that
the deputy possessed reasonable cause to arrest defendant (see People v Maldonado, 86
NY2d 631, 635 [1995] ["Reasonable cause (as defined in CPL 70.10 [2]) means probable
cause"]). We agree.
Contrary to defendant's contention at the hearing, " '[a]n established line of authority in New
York and elsewhere holds that for purposes of offenses for driving while intoxicated under the
Vehicle and Traffic Law, operation of the vehicle is established on proof that the defendant was
merely behind the wheel with the engine running without need for proof that defendant was
observed driving the car, i.e., operating it so as to put it in motion' " (People v Khan, 182
Misc 2d 83, 84 [App Term, 2d Dept, 2d & 11th Jud Dists 1997], quoting People v
Alamo, 34 NY2d 453, 458 [1974]). In view of the foregoing, "the police clearly had probable
cause to arrest defendant at that time" (Khan, 182 Misc 2d at 84).
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's
motion seeking suppression of the postarrest statement and physical evidence is denied and the
matter is remitted to the City Court for all further proceedings.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2020