People v Minnock (2025 NY Slip Op 50882(U))

[*1]

People v Minnock

2025 NY Slip Op 50882(U)

Decided on April 8, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 8, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Daniel Minnock, Defendant.

Docket No. CR-021698-24BX

For the Defendant:
Jason A. Steinberger
For the People: 
Daniel Beloosesky

David L. Goodwin, J.

In his omnibus motion, defendant Daniel Minnock mounts a limited challenge to the facial sufficiency of the accusatory instrument, while also seeking suppression and hearings. Because the accusatory instrument withstands Minnock's sufficiency challenge—it contains sufficient facts to establish the operation and intoxication elements of the charged V.T.L. § 1192 offenses—Minnock's challenge to facial sufficiency is DENIED on the grounds presented. The court otherwise GRANTS his request for a Dunaway/Mapp/Huntley hearing, refers any preclusion/Sandoval/Ventimiglia/Molineux issues to the trial court, and declines to grant the filing of additional pretrial motions absent a showing of good cause. The balance of the motion is DENIED.
Facial Sufficiency
A misdemeanor information is facially sufficient if its nonhearsay allegations, taken as true and with all reasonable inferences drawn in the People's favor, would establish every element of the charged offenses. People v. Jackson, 18 NY3d 738, 741, 747 (2012); see C.P.L. §§ 100.15(3), 100.40(1). This is a significantly less-stringent standard than "the burden of proof beyond a reasonable doubt" at trial or "even the legally sufficient evidence necessary to survive a motion to dismiss." People v. Guaman, 22 NY3d 678, 681 (2014).[FN1]
Moreover, in reviewing for [*2]facial sufficiency, a court must give the allegations a "fair and not overly restrictive or technical reading," People v. Guaman, 22 NY3d 678, 682 (2014), and may consider both "common sense [and] the significance of the conduct alleged," People v. Gonzalez, 184 Misc 2d 262, 264 (App. Term 1st Dept. 2000).
The misdemeanor information [FN2]
here charges violations of V.T.L. § 1193(3) ("No person shall operate a motor vehicle while in an intoxicated condition.") and V.T.L. § 1193(1) ("No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."). The "common elements" of both offenses are "(1) operation of a vehicle, (2) on a public road as defined in [] § 1192(7), in either (3) an intoxicated or impaired condition." People v. Valera, 58 Misc 3d 369, 375 (N.Y.C. Crim. Ct., Bronx Co. 2017) (Collins, J.). Minnock challenges only the first and third elements.
As to operation, he contends that the information "fails to state Mr. Minnock was operating the motor vehicle at any time." Defense Mot. at 4—5. Quite to the contrary (and as the People observe, see People's Resp. at 4), Minnock told an officer on the scene that "I was driving . . . sixty-eight to seventy miles an hour" and "the accident was my fault." Misdemeanor Information at 1. Minnock's own inculpatory statements are nonhearsay admissions, see People v. Caban, 5 NY3d 143, 151 n.* (2005), that are more than adequate to establish that he intentionally acted to "set in motion the motive power of the vehicle," People v. Prescott, 95 NY2d 655, 662 (2001). See also People v. King, 83 Misc 3d 29, 33—34 (App. Term., 2d, 11th & 13th Jud. Dists. 2024) (concluding that operational element was established when the defendant "was found at 3:00 a.m. standing next to a white Nissan, exhibiting signs of intoxication while looking at the damage the Nissan inflicted on the parked car that it had collided with").
As to the intoxication or impairment element, Minnock contends that the information fails to plead "he was intoxicated at the time that he was allegedly operating" the car. Defense Mot. at 5. To the extent that Minnock's own statement would not establish intoxication or impairment—he admitted having "two beers four to five hours ago"—the information also pleads that Minnock had a "heavy odor of alcohol on his breath and watery eyes," refused to take a chemical breath test, and admitted fault in a motor vehicle collision that sent his own car off the road. Misdemeanor Information at 1—2. These facts, coupled with an absence of anything that would suggest Minnock became intoxicated only after driving the car, are sufficient to plead both impairment and intoxication. See, e.g., People v. Granda-Vintmill, 41 Misc 3d 135(A), 2013 NY Slip Op. 51879(U), at *1—2 (App. Term, 2d, 11th & 13th Jud. Dists. 2013) (misdemeanor information adequately pleaded facts of motor vehicle accident and officer's observation of "indicia of intoxication," and was therefore facially sufficient); see also People v. Litto, 8 NY3d 692, 705 (2007) (explaining that a violation of § 1192(1) requires "impairment by alcohol," while a violation of § 1193(3) permits "a circumstantial showing of inability to operate a motor vehicle while under the influence of alcohol").
Accordingly, the branch of Minnock's motion that seeks to dismiss on grounds of facial insufficiency is DENIED.
Hearings
Minnock otherwise requests pretrial hearings. Upon a review of his motion, the court concludes that he should be permitted to challenge the legality of his arrest (and whether evidence flowing from that arrest should be suppressed), as well as the admissibility of both his statements to police and the alleged refusal to take a breath test.[FN3]
 Accordingly, the court orders a Dunaway/Mapp/Huntley hearing. To the extent any case names were omitted from this list: again, Minnock should be permitted to challenge the legality of the arrest, the admissibility of his statement to police (both as fruit of an arrest and as a general matter), and the admissibility of his refusal to take a breath test (on the same standard). As there appears to be no suggestion that the police were responsible for conducting a vehicle stop, however, an Ingle hearing on the legality of a vehicle stop seems unwarranted.
* * *
For the above reasons, the branch of the omnibus motion seeking dismissal based on facial insufficiency is DENIED. The request for a Dunaway/Mapp/Huntley hearing is GRANTED. All preclusion/Sandoval/Ventimiglia/Molineux issues are referred to the trial court. Additional pretrial motions may not be filed absent a showing of good cause. The balance of the motion is DENIED.
Dated: April 8, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:Minnock appears to rely to the contrary on People v. Khan, 168 Misc 2d 192, 198 (N.Y.C. Crim. Ct., Kings Co. 1995) (Duckman, J.), urging a beyond-a-reasonable-doubt pleading burden. Defense Mot. at 4. Not only was the Khan decision reversed by the Appellate Term, see People v. Khan, 182 Misc 2d 83, 83—84 (App. Term, 2d & 11th Jud. Dists. 1997), but the cited language is from the pattern jury instructions, which the Khan court quoted to define "operate"—not to cast doubt on the long-established standard for facial sufficiency. See Khan, 169 Misc 2d at 198.

Footnote 2:The complaint was converted to an information as of November 25, 2024. Minnock does not ask to revisit that determination. 

Footnote 3:The People contend that hearings are not necessary because "there is no question that probable cause existed to arrest." People's Resp. at 6. But the People rely on facts from outside the accusatory instrument, see id. at 6—8, none of which appear to have been sworn by the officer. Those claims are better tested at an adversarial hearing.