People v Abbazia (2026 NY Slip Op 50290(U))

[*1]

People v Abbazia

2026 NY Slip Op 50290(U) [88 Misc 3d 1231(A)]

Decided on March 10, 2026

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 10, 2026
Justice Court of the Town of Webster, Monroe County

The People of the
State of New York

againstMary A. Abbazia, Defendant.

Case No. 25060110

Brian P. Green, District Attorney, Monroe County (Anthony Ciaccio of Counsel), for
plaintiff.Alex F. Phillippone, Rochester, for defendant.

Thomas J. DiSalvo, J.

History of the CaseThe defendant was
charged by Webster Police with the single charge of common law driving while intoxicated
pursuant to VTL § 1192 (3). Filed with the court was a simplified traffic information
accusing the defendant of said charge. a three page fill in the blanks document labeled
"Supporting Deposition/Bill of Particulars" and two civilian supporting depositions.[FN1]
An arraignment of the defendant was conducted on August 7, 2025. No report of refusal to take a
chemical test was submitted to the court pursuant to VTL § 1194 (2) (b) (2). Thus there was
no temporary suspension of the defendant's licence pending a refusal hearing at the Department
of Motor Vehicles as would be required by VTL § 1194 (2)(b) (3). Subsequently various
adjournments for completion of discovery and the filing of motions were granted. Defense
counsel filed omnibus motions with this court on January 6, 2026. On February 2, 2026, the
People filed a Certificate of Compliance/ Statement of Readiness. A Notice of Motion and
Responding Affirmation was filed by the People on February 17, 2026. Motion argument was
conducted on February 18, 2026. Pertinent to this decision, the defense is requesting that the
[*2]court dismiss the accusatory instrument herein as being
insufficient on its face, pursuant to CPL § 170.35 (1) (a); as being jurisdictionally defective
pursuant to CPL § 170.35 (1) (b); as lacking proper verification, pursuant to CPL §
100.15 (1) and for failure to allege facts of an evidentiary character as to each element of the
offense, pursuant to CPL § 100.15 (3). In addition, the defense alleges that the case should
be dismissed, pursuant to CPL § 170.30 (1) (f) because the police did not have probable
cause to arrest the defendant. Defense counsel's motion further demands that the court suppress
the alleged refusal to submit to a chemical breath test on the grounds that she was not provided
with a sufficient warning, in clear and unequivocal language of the effect of such refusal or that
hearing be ordered to determine said issue. Counsel further requested a Gursey hearing to
determine if her right to consult with an attorney relative to taking the chemical breath test was
violated. Lastly the defense is requesting a Huntley hearing relative to the voluntariness
of any statements made to the police by the defendant.

Facts of the Case.
The simplified traffic information alleged that the offense took place on June 9, 2025 at 423
Ridge Road in the Town of Webster. That the defendant was operating a 2023 blue Honda in a
southerly direction on the said Ridge Road. The deposition indicates that the offense took place
at 1617 hours, i.e. 4:17 P.M. and that the arrest occurred at 5:38 P.M. It went on to allege that the
defendant refused to take a chemical breath test and that the defendant refused to take the test on
three occasions, to wit: 1817, 1828 and 1839 hours. The deposition indicated that the defendant
was read the refusal warnings. Both the simplified traffic information and the supporting
deposition were executed by Officer VanLeeuen of the Webster Police Department. According to
the supporting deposition a civilian complaint was said to be the basis of the stop. That there was
direct observation of the vehicle by Webster Police Officer Crisafulli and Sergeant Coppa. That
the identification of the defendant was by a civilian witness. No other information was provided
about the identity of that witness. Probable cause for the arrest was alleged to be by "Officer's
Observation of the Defendant" by the same two officers. Their observation included the odor of
alcoholic beverage, glassy eyes, impaired speech, and impaired motor coordination. It was further
indicated that the defendant refused to perform any field tests. In the section labeled "Admissions
by the Defendant" the officer filled the block "Uncooperative Conduct". It was also noted that the
defendant refused to take the preliminary breath test.
The civilian deposition, which was taken by Sergeant Coppa on June 9, 2025, states that at
3:30 P.M. the deponent was working at a car dealership on Ridge Road when a blue Honda CRV
with heavy front end damage drove into the parking lot of said establishment. The deponent
identified the driver of the vehicle as "A short white female wearing a white shirt and blue pants
[and] was in the driver seat." The deponent stated that the driver of said vehicle approached him
and told him that there was something wrong with her car. Said deponent went on to state that
"the woman appeared to be incoherent".

 Legal Analysis.
Sufficiency. VTL § 1192 (3) states that "No person shall operate a motor vehicle while
in [*3]an intoxicated condition." An accusatory instrument
charging a defendant with common law driving while intoxicated must provide reasonable cause
to believe three specific elements. Namely, the accusatory instruments must allege that the
defendant operated a motor vehicle; that the defendant was intoxicated and that the operation and
intoxication were simultaneous.[FN2]
In this case the accusatory instruments include a simplified traffic information a supporting
deposition of the arresting officer and a civilian supporting deposition. A similar situation was
addressed by the Court of Appeals. When it held that
"A simplified traffic information, to be sufficient on its face, need only comply
with the requirements of the Commissioner of Motor Vehicles; it need not provide on its face
reasonable cause to believe defendant committed the offense charged (CPL 100.25, 100.40, subd.
2). But if defendant requests a supporting deposition, to which he has a statutory right, it must
provide reasonable cause (CPL 100.25, subd. 2). The People's tender of such a deposition
voluntarily, rather than waiting for defendant's request, should not obviate the need for the
deposition to provide reasonable cause." (People v. Key, 45 NY2d 111,115-116, 408
N.Y.S.2d 16,19 [1978]).
Section 100.20 sets out the definition and the required form and content of a
supporting deposition. That section states as follows:
"A supporting deposition is a written instrument accompanying or filed in
connection with an information, a simplified information, a misdemeanor complaint or a felony
complaint, subscribed and verified by a person other than the complainant of such accusatory
instrument, and containing factual allegations of an evidentiary character, based either upon
personal knowledge or upon information and belief, which supplement those of the accusatory
instrument and support or tend to support the charge or charges contained
therein."It is important to note that it is unclear as to what was actually
observed by Officer VanLeeuwen, the arresting officer. As stated above his deposition was based
on the observation of the vehicle and the defendant by officers other than himself. Thus the
'fellow officer rule" comes into effect.
"Under the fellow officer rule, a police officer can make a lawful arrest even
without personal knowledge sufficient to establish probable cause, so long as the officer is acting
"upon the direction of or as a result of communication with" a fellow officer or another police
agency in possession of information sufficient to constitute probable cause for the arrest
(People v. Mims, 88 NY2d 99, 113, 643 N.Y.S.2d 502, 666 N.E.2d 207; *420 People
v. Maldonado, 86 NY2d 631, 635—636, 635 N.Y.S.2d 155, 658 N.E.2d 1028;
People v. Landy, 59 NY2d 369, 375, 465 N.Y.S.2d 857, 452 N.E.2d 1185). Information
received from another police officer is presumptively reliable (People v. Landy, 59
NY2d, at 375, 465 N.Y.S.2d 857, 452 N.E.2d 1185, supra ). Where, however, an arrest is [*4]challenged by a motion to suppress, the prosecution bears the
burden of establishing that the officer imparting the information had probable cause to act
(People v. Mims, 88 NY2d, at 113—114, 643 N.Y.S.2d 502, 666 N.E.2d 207,
supra )." People v. Ketcham, 93 NY2d 416, 419-420, 690 N.Y.S.2d 874,877
[1999].
Taking into account the supporting deposition of the arresting officer as
set out in the fill in the blanks supporting deposition, the fellow officer rule and the supporting
deposition of the civilian witness, the accusatory instruments which charge the defendant with
common law driving while intoxicated provide "reasonable cause to believe that the defendant
committed the offense or offenses charged".[FN3]
CPL § 70.10 (2) states
"'Reasonable cause to believe that a person has committed an offense' exists when
evidence or information which appears reliable discloses facts or circumstances which are
collectively of such weight and persuasiveness as to convince a person of ordinary intelligence,
judgment and experience that it is reasonably likely that such offense was committed and that
such person committed it. Except as otherwise provided in this chapter, such apparently reliable
evidence may include or consist of hearsay."When considered as a whole, the
accusatory instruments herein provide reasonable cause to believe the defendant operated a motor
vehicle, that the defendant was intoxicated and that operation and intoxication were
simultaneous. Thus the motion to dismiss the accusatory instrument herein, pursuant to CPL
§ 170.30 (1) (f), consisting of a simplified traffic information and which was supported by
the said supporting depositions pursuant to 170.35 (1) (a) is hereby denied. The remaining
motions regarding lack of jurisdiction, lack of verification and for failure to allege facts of an
evidentiary character are without merit.
Probable Cause. Defense counsel alleges that the police did not have probable cause
to arrest the defendant. As a result he is requesting that the information gleaned from said arrest
be suppressed. "The CPL uses the phrase 'reasonable cause' in lieu of the phrase 'probable cause.'
See, e.g., CPL § 70.10(2). However, it is well settled that '[r]easonable cause' means
probable cause.'"[FN4]
In any event, motions to suppress evidence is governed by CPL § 710.60. Defense counsel
is requesting that the information of the arrest be summarily granted or in the alternative that a
probable cause hearing be conducted. The People oppose both demands.
There is no doubt that the appellate courts in this state favor the granting of probable cause
hearings. See for example People v. Harris, 182 AD2d 515,516, 554 N.Y.S.2d 170,171
[1st Dept. 1990] wherein the court stated "We have frequently criticized the practice of
summarily denying suppression motions without a hearing where defendant sets forth a
minimally sufficient showing to warrant a hearing on the suppression issue." Furthermore, CPL
§ 710.60 (6) states "Regardless of whether a hearing was conducted, the court, upon
determining [*5]the motion, must set forth on the record its
findings of fact, its conclusions of law and the reasons for its determination." It has been held
that
" Where material facts are disputed, a Court cannot fairly and impartially make the
'findings of fact' required by CPL § 710.60(6) without holding a hearing,
because:The question of probable cause is a mixed question of law
and fact. Determination of the facts and circumstances bearing on the issue, which hinges
primarily on questions of witness credibility, is a question of fact. However, it is a question of
law whethe r the facts found to exist are sufficient to constitute probable cause. People v.
Morales, 42 NY2d 129, 134, 397 N.Y.S.2d 587, 590, 366 N.E.2d 248 (1977)."[FN5]
In any event, the facts currently before the court do not permit it to summarily grant or deny
the motion to suppress the evidence obtained by the arrest of the defendant for lack of probable
cause for the arrest. Thus the motion for a probable cause hearing is granted.
Suppression of Defendant's Alleged Chemical Breath Test Refusal VTL § 1194
(2) (f) states as follows:
"Evidence of a refusal to submit to such chemical test or any portion thereof shall
be admissible in any trial, proceeding or hearing based upon a violation of the provisions of
section eleven hundred ninety-two of this article but only upon a showing that the person was
given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that
the person persisted in the refusal."
As previously stated the supporting deposition indicates that the
defendant was provided said warning three separate times. Two of which times are said to be two
hours beyond the time of the arrest of the defendant. See VTL § 1194 (2) (a) (1), which
states "having reasonable grounds to believe such person to have been operating in violation of
any subdivision of section eleven hundred ninety-two of this article and within two hours after
such person has been placed under arrest for any such violation"Nevertheless, the defendant
maintains that the alleged refusal to take the chemical breath test be suppressed because the
refusal warnings provided to her were inadequate; that warnings were in violation of the two
hour rule; that she did not affirmatively refuse to take the chemical breath test' nor did she engage
in any persistent refusal to take said test. As a result of the conflicting facts alleged regarding the
chemical test refusal, the court cannot summarily decide the motion. Thus the matter is set down
for a suppression hearing in accordance with CPL § 210.60 (4).
Gursey Hearing. The defendant maintains that she was not permitted to confer with
an attorney regarding whether or not she should have taken the chemical breath test. As a result
she maintains that this is another reason why her refusal to submit to a chemical test should be
suppressed. In People v. Gursey, 22 NY2d 224,226, 292 N.Y.S.2d 416,417 [1968] "The
only issue presented is whether a criminal conviction may rest upon the results of a chemical test
[*6]performed over the defendant's initial objection and after he
had been prevented from telephoning his lawyer for legal advice concerning the test, such
communication involving no significant or obstructive delay." In that case the Court of Appeals
determined that the results of the chemical breath test should have been suppressed because the
defendant was denied his right to counsel despite the fact that contacting his lawyer was in fact
"without any occasioning any significant obstructive delay".[FN6]
Again, under the alleged facts and circumstances herein the court is required to set this matter is
set down for a Gursey suppression hearing pursuant to CPL § 710.60 (4).

Conclusion.
The motion to dismiss the accusatory herein charging the defendant with common law
driving while intoxicated as being insufficient on its face is hereby denied. The motion to
summarily suppress the arrest of the defendant is denied, but the motion to conduct a probable
cause hearing is granted. The motion to summarily suppress the alleged refusal of the defendant
to submit to a chemical breath test, because of an inadequate warning; that the two hour rule was
violated and that she did not formally refuse the test is denied, but the motion for a hearing on
those issues is granted. The motion to summarily suppress the alleged refusal of the defendant to
submit to a chemical breath test because the defendant was denied her right to consult with an
attorney is denied. However, a Gursey hearing will be conducted to determine that issue.
The motion for a Huntley hearing is hereby granted. This constitutes the decision and
order of this court.
Dated: March 10, 2026Webster, New YorkHon. Thomas J. DiSalvoWebster Town Justiee

Footnotes

Footnote 1:(This second civilian deposition
describes an event on the same day of the alleged offense. However it was at an undetermined
time of day, on a different street from the location set out in the simplified traffic information and
supporting deposition, involving a different colored SUV from the one set out in the simplified
information and supporting deposition. Nor does the said supporting deposition identify the
driver of the burgundy colored SUV as a male or a female. At best one must discount this
deposition as having no connection to the arrest of the defendant herein.)

Footnote 2:(See Gerstenzang, Handling a
DWI Case in New York § 15:32 at 817 [2025-2026 ed])

Footnote 3:(CPL § 100.25 [2])

Footnote 4:(See Gerstenzang, Handling a
DWI Case in New York § 1:31at 64 [2025-2026 ed])

Footnote 5:(Gerstenzang, Handling a DWI
Case in New York § 1:371at 83-84 [2025-2026 ed])

Footnote 6:(Id.)